UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS FLORER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHERYL JOHNSON, *et al.*,<br><br>    Defendants. | Case No. C06-5561 RJB/KLS<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING STAY OF DISCOVERY |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and to stay discovery pending ruling on the motion to dismiss. (Dkt. # 52). Defendants submit that Plaintiff has failed to allege facts sufficient to state claims under 42 U.S.C. Section 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), has failed to allege personal participation by the Defendants, and has improperly included Defendant Clarke as a "person" under Section 1983. (Id.). Plaintiff argues that he has sufficiently plead his causes of action and that alternatively, he should be

ORDER - 1

1  granted leave to amend. (Dkt. # 55). Plaintiff also argues that Defendants' motion is untimely.[1]
2  (Id.).

After careful review of the motion, Plaintiff's response, and the Complaint (Dkt. # 5), the Court finds that the motion to dismiss should be denied and Plaintiff granted leave to amend his complaint. The Court also finds that a stay of discovery during this stage of the litigation is appropriate.

## I. STANDARD OF REVIEW

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of*

---

[1] Plaintiff contends that Defendants' motion was not brought within the sixty (60) days required by Fed. R. Civ. P. 12(a)(1)(B). In the Ninth Circuit, however, Rule 12(b) motions are timely if filed any time before the answer or other responsive pleading is filed. *See*, *Aetna Life Insurance Co. v. Alla Medical Service Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988).

ORDER - 2

*Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena*, 976 F.2d at 471.

Before the Court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); see also Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987) (district court erred by not notifying *pro se* prisoner litigant of amended complaint's deficiencies and allowing him leave to amend). However, where amendment would be futile or the amended complaint subject to dismissal, leave to amend need not be granted. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## II. DISCUSSION

### A.    Stating A Claim Under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986). Implicit in the second element is a third element of causation. *See* Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 286-87 (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Plaintiff alleges that:

All Defendants' Kosher Diet does not meet Judaic dietary law requirements.

All Defendants' Kosher diet does not meet HHS/USDA dietary guidelines for Americans 2005 ed. Standards of nutrition and calories.

All Defendants' [sic] punish Plaintiff for attempts to participate in Jewish fast days and Passover.

All Defendants' [sic] punish Plaintiff for receiving their Kosher diet.

ORDER - 3

> All Defendants' [sic] provide non-consumable TV Dinners.
>
> As to paragraphs 2-6, this results in a substantial burden on the exercise of plaintiff's religious beliefs and practice, by inter alia, destroying the qualitative value of the spiritual experience, intentional infliction of emotional distress, repetition of meal Mark Schoeiber [sic] product line TV dinners not suitable for daily consumption, stomach cramps, hunger, and weight loss of lean body mass, while plaintiff is housed in a single cell 24 hr's a day or 23 hr's a day.

(Dkt. # 5 at p. 4).

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987)(per curiam) (citations ommitted); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *Ward v. Walsh*, 1 F.3d 873, 876 (9th Cir. 1993); *Friend v. Kolodzieczak*, 923 F.2d 126, 127 (9th Cir. 1991). "In order to establish a free exercise violation, [the prisoner] must show the defendants burdened the practice of his [or her] religion . . . by preventing [the prisoner] from engaging in conduct mandated by his [or her] faith." *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997).

Plaintiff's statements about the "kosher diet not meeting Judaic dietary law," the kosher diet not meeting "HHS/USDA Dietary Guidelines for Americans 2005 ed. Standards for nutrition", and that he is being "punished" for his Jewish beliefs, do not sufficiently state a claim under Section 1983. While Plaintiff's allegations raise an issue as to the kosher diet and allude to a burden on the exercise of his religious beliefs, the allegations are very broadly stated and they are vague and conclusory. *See*, *e.g., Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983). Plaintiff must describe the conduct that deprived him of his constitutional rights.

Plaintiff must also allege facts showing how the named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S.

ORDER - 4

658, 694 n.58 (1978). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

To state that "all Defendants" have acted in some way to violate his rights is not sufficient. Plaintiff has failed to describe how any individual employed with the state participated in the alleged deprivations. Plaintiff must articulate what actions were taken or not taken by each individual Defendant and describe how those actions or inactions violated his constitutional rights under Section 1983.

**B.    Claims Under RLUIPA**

42 U.S.C. § 2000 states, in relevant part:

> No Government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution…even if the burden results from a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person 1) is in furtherance of a compelling governmental interest; and 2) is the least restrictive means of furthering that compelling governmental interest.

Plaintiff's claims under RLUIPA suffer from the same deficiencies as his Section 1983 claim as he alleges only the same conclusory allegations noted in Paragraph A above. Plaintiff must describe the conduct that imposed a substantial burden on the exercise of his religion. In addition, Plaintiff must articulate what actions were taken or not taken by each of the named Defendants and describe how those actions or inactions violated his constitutional rights under RLUIPA.

**C.    Claims Against Secretary Harold Clarke**

Defendants contend that Plaintiff's claims against Defendant Harold Clarke must be dismissed as the claims were brought against Defendant Clarke solely in his position as Secretary of the Department of Corrections. (Dkt. # 52 at p. 6). Thus, Defendants argue, Defendant Clarke enjoys Eleventh Amendment immunity from suit. *See, Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agency is not a "person" under 42 U.S.C. § 1983, nor is a state official

ORDER - 5

acting in his/her official capacity). However, Plaintiff's Complaint states that it is a suit against all Defendants in their "individual and official capacity." (Dkt. # 5). State officials sued in their personal capacity are persons for purposes of § 1983. *See Hafer v. Melo,* 502 U.S. 21, 31 (1991); *DeNieva v. Reyes,* 966 F.2d 480, 483 (9th Cir. 1992). Personal-capacity suits seek to impose personal liability upon a government official for actions the official takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Liability in a personal-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. *See Id*. at 166.

In addition, state officials sued in their official capacity for injunctive relief are persons for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff seeks injunctive relief against the Defendants. (*See* Dkt. # 5).

Accordingly, Defendants' motion to dismiss Plaintiff's claims against Defendant Clarke on grounds of Eleventh Amendment immunity shall be denied. Plaintiff shall be granted leave to amend his Complaint to allege what actions were taken or not taken by Defendant Clarke while acting in his personal-capacity and to allege how these actions or inactions violated Plaintiff's constitutional rights.

**D.     Motion to Stay Discovery Pending Ruling on Motion to Dismiss**

Defendants request that all discovery be stayed in this matter pending a ruling on their motion to dismiss. (Dkt. # 52). Defendants base their motion on discovery requests submitted by Plaintiff in a case currently being litigated by Plaintiff in Florer v. Peck, CV-05-5039-EFS. Defendants state that over the period of a year, Plaintiff has submitted approximately 1,800 discovery requests to the 23 named defendants, resulting in the production of over 3,100 documents. (Id., Exh. 1). Defendants contend that with this history, Plaintiff has demonstrated that his discovery requests in this case are likely to be extensive and voluminous.

Plaintiff opposes the motion, stating that his requests were not overly burdensome in the Peck case in light of the number of defendants. (Dkt. # 55). In addition, Plaintiff states that he has the right to develop his claims in this case through discovery. (Id.).

ORDER - 6

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). The parties should not be burdened with the expense of discovery until Plaintiff has filed a pleading stating claims under Section 1983 and RLUIPA and Defendants have filed an answer to those claims. At that time, when the issues have been properly joined, the parties may more efficiently and effectively engage in the discovery process.

Accordingly, it is **ORDERED:**

1. Defendant's motion to dismiss (Dkt. # 52) is **DENIED;** Plaintiff is directed to file an Amended Complaint curing the above noted deficiencies on or before **April 30, 2007.** Failure to do so shall result in dismissal of this action;

2. Defendant's motion to stay discovery (Dkt. # 52) is **GRANTED**; all discovery is stayed until the filing of Defendants' Answer; and

3. The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this 7th day of March, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7