1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

DENNIS FLORER,

        Plaintiff,

    v.

CHERYL JOHNSON, *et al.*,

        Defendant.

Case No. C06-5561 RJB/KLS

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**September 28, 2007**

17

18

19

20

21

22

23

    This civil rights action has been referred to United States Magistrate Judge Karen L.

Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Before the Court is the

motion to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and to

stay discovery (Dkt. # 67), of Defendants Cheryl Johnson, Brad Simpson, Dan Williams, Eldon

Vail, Harold Clarke, Joseph May, Don Coots, Larry Hargrove, Joe Williamson, Jay Jackson, Steve

Brill, Terrence Madden, Roger Causey, Randy Smith, Dave Dahne, Melvin Butler, Don Erwin, and

Carol Porter.[1]  Defendants claim that Plaintiff's First Amended Complaint should be dismissed as

24

25

26

27

    [1]Plaintiff has also named Ann Lachney, Nutrition Development Systems, Ruben Cedeño,
John Herr, John Doe Adult Correctional Cooks 1 through John Doe Adult Corrections Cook 20,
John Doe Food Manager 21 through John Doe Food Manager 25, Jane Stewart, Doug Waddington,
Ron Wineinger, Rothrock, Gill, Ward, Thach, Frederick, Lyle, Brad Dudley, Joval, Dean Mason,
Devon Schrum, First Choice Foods, and Correction Industries Food Factory as Defendants in this

28

REPORT AND RECOMMENDATION - 1

1  Plaintiff has failed to exhaust his administrative remedies, has failed to state a claim upon which

2  relief may be granted, and has failed to allege personal participation of any one of the Defendants in

3  any alleged constitutional deprivation.

4      Plaintiff opposes the motion (Dkt. # 68) and Defendants have filed a reply.  (Dkt. # 69).

5  After careful review of the parties' submissions, and the balance of the record, the undersigned

6  recommends that the motion to dismiss be denied.

7

8                              **I.  STANDARD OF REVIEW**

9      The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited

10  to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  All material factual

11  allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally

12  "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421

13  (1969); *Lee*, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6),

14  furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

15  his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

16      Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal

17  theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

18  *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Vague and mere "[c]onclusionary

19  allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones*

20  *v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Peña v. Gardner*, 976 F.2d

21  469, 471 (9th Cir. 1992).

22      Although the Court must construe pleadings of pro se litigants liberally, the Court may not

23  supply essential elements to the complaint that may not have been initially alleged.  *Ivey v. Board of*

24  *Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Similarly, in civil rights actions, a liberal interpretation

25  _____

26  case. None of these entities has been served with Plaintiff's First Amended Complaint and they are
   not represented by counsel in this matter.  Failure to serve was due to an oversight by the Court and

27  by separate Order, service upon these Defendants has been ordered.

28  REPORT AND RECOMMENDATION - 2

1  of the complaint may not supply essential elements of the claim that were not initially pled.  *Peña*,

2  976 F.2d at 471.

3        Before the Court "may dismiss a *pro se* complaint for failure to state a claim, it "must

4  provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity

5  to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir.

6  1992); *see also Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987).  However, where amendment

7  would be futile or the amended complaint subject to dismissal, leave to amend need not be given.

8  *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

9

10                         **II.  DISCUSSION**

11  **A.    Plaintiff's First Amended Complaint and Relief Sought**

12        Plaintiff filed his original complaint on October 26, 2006.  (Dkt. # 5).  Defendants moved to

13  dismiss and to stay discovery (Dkt. # 52) and Plaintiff moved to amend.  (Dkt. # 57).  The Court

14  denied the motion to dismiss, stayed discovery, and directed Plaintiff to file an amended complaint

15  by April 30, 2007.  (Dkt. # 58).   Two days prior to entry of the Court's order, Plaintiff filed a

16  motion to amend, which Defendants interpreted as his proffered First Amended Complaint and

17  Defendants again moved to dismiss.  (Dkt. # 60).  The Court denied the motion to dismiss as

18  premature.  (Dkt. # 61).  Plaintiff's First Amended Complaint was filed on April 18, 2007.  (Dkt. #

19  62).

20        Although some of the named Defendants have not yet been served, the undersigned has

21  determined that a ruling by the Court would not disadvantage those Defendants and that it would

22  facilitate processing of this case.

23        In his First Amended Complaint, Plaintiff alleges violations of his First, Eighth, and

24  Fourteenth Amendment rights and the Religious Land Use and Institutionalized Persons Act

25  (RLUIPA). (*Id.*).  Plaintiff also claims violations of RCW 7.72 (Product Liability Actions), 21

26  C.F.R. § 101.9 (Nutritional Labeling of Food) and 9 C.F.R. § 317 (Labeling, Marking Devices and

27  Containers).  Plaintiff claims, *inter alia*, that the DOC Kosher Guidelines do not meet the religious

28

requirements of the Jewish community, that they are nutritionally inadequate, that Defendants serve non-Kosher food, fail to provide fasting and Passover foods, use trans fat margarine and shortening in the manufacture of bakery items, and serve insufficient amounts of milk, all of which place a substantial burden on Plaintiff's ability to exercise his religion and/or subject him to cruel and unusual punishment. (*Id*.)

**B.**     **Exhaustion of Remedies**

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

A motion to dismiss for failure to exhaust administrative remedies is properly brought as an unenumerated 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) *cert. denied*, 540 U.S. 810, 124 S.Ct. 50, 157 L.Ed.2d 23 (2003) (citations omitted). When considering whether to dismiss a complaint for lack of exhaustion of administrative remedies, a court may look outside the pleadings to determine whether the issue has been exhausted. *Id*. at 1119-20. When dismissal is based on failure to exhaust administrative remedies, the dismissal should be without prejudice. *Wyatt*, 315 F.3d at 1120.

This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Id*. at 524. Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001).

The Supreme Court recently reaffirmed this in *Woodford v. Ngo*. 548 U.S. ___, 126 S.Ct.

REPORT AND RECOMMENDATION - 4

2378 (2006). In that case, the Court not only upheld the requirement that the inmates fully exhaust available administrative remedies, but it also held that those attempts needed to be done in a timely manner. *Id*. at 2386.   However, a prisoner need not press on to exhaust further levels of review once he has either received all "available" remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available. *Brown v. Valoff*, 422 F.2d 926, 935 (9th Cir. 2005) (noting that the purpose of the PLRA exhaustion requirement to facilitate internal grievance procedures thereby obviating the need for litigation, will not be served by requiring exhaustion when no possible relief is available).

In deciding whether the PLRA exhaustion standard has been met, it must be remembered that § 1997e(a) is an affirmative defense. *Wyatt*, 315 F.3d at 1119.  Defendants have the burden of raising and proving the absence of exhaustion.  *Id*.  There can be no "absence of exhaustion" unless some relief remains "available," and a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process.  *Brown*, 422 F.2d at 937.

Defendants admit that the Plaintiff has exhausted some of his claims as evidenced by exhibits to his Amended Complaint.  Defendants allege, however, that Plaintiff has not demonstrated that he exhausted the following claims:

(1)     Plaintiff has not filed a grievance regarding his claims that the main menu is not nutritionally adequate as claimed in ¶ 30; that CBCC is currently serving only one cup of milk and milk products per day as claimed in ¶ 31; that the Kosher Diet and main menu diet consist entirely of trans fat, saturated fat, refined grains and sugar, and lack adequate milk and milk products, as stated in ¶ 32; and Defendants at WCC from September 2006 through February 2007 refused to provide the nutritional requirements as to the main menu as written as stated in ¶ 44;

(2)     Plaintiff has not filed a grievance against Defendants Lachney, Nutrition Development Systems, Corpus, Herr, Stewart, Rothrock, and Lyle related to any of his claims;

(3)     Plaintiff has not exhausted his administrative remedies with regard to Defendant Clarke as alleged in ¶¶ 33 and 34; with regard to his claims in ¶ 37 against Defendants Joval, John Doe Food Manager 21 through John Doe Food Manager 25, Waddington, and Porter; with regard to his claims against Defendant Cedeño in ¶ 38;

REPORT AND RECOMMENDATION - 5

with regard to his claims against Defendant Dahne in ¶ 40; with regard to his claims against Defendant Butler in ¶ 41; with regard to his claims against Defendants John Doe Food Manager 21 through John Doe Food Manager 25, Wineinger, and Joval in ¶ 42; and with regard to his claims against Defendant Joval in ¶ 46.

Defendants attempt to place the burden of proof on Plaintiff in that they allege Plaintiff has failed to demonstrate exhaustion regarding the above identified claims.  The fact of the matter is that the burden is on Defendants to prove Plaintiff has failed to exhaust.  Defendants have failed to make the requisite showing.  Defendants have presented no evidence to support their affirmative defense other than counsel's own assertion in the motion.  This is insufficient.

Plaintiff responds that he has exhausted his administrative remedies on the claims stated in these paragraphs and cites to various grievances attached to his Amended Complaint.  (*See* Dkt. # 62, Attach. A & B[2]).  For example, in Log No. 0625113, Plaintiff complained of food served to him on January 14, 2006.  (*Id*., Attach. A, p. 6).  That appeal to Level III is dated February 13, 2007 and was filed at the WCC IMU.  Plaintiff complained, *inter alia,* that the "main menu [nutritionally] inadequate."  (*Id*.).  Thus, Plaintiff maintains that this grievance encompasses all institutions where Plaintiff has been housed as the Washington Department of Corrections' main menu is state-wide.  (Dkt. # 68 at 3).  In addition, Plaintiff argues that the inclusion of "AC's, FMI's, and "St.RD," properly includes Adult Corrections cooks such as Defendants Corpus, Herr, and food managers, Ann Lachney and Nutrition Development Systems.  (*Id*.) (All of whom have not yet been served.)

Defendants respond that a grievance filed at one facility regarding the diet Plaintiff was served at that facility by individuals employed there and answered by personnel there cannot be

---

[2]Page cites mirror those utilized by Plaintiff, not as they appear in CM-ECF.  (Unless otherwise noted, citations to the docket are as they appear in CM-ECF.)

REPORT AND RECOMMENDATION - 6

applied to a diet Plaintiff may have received at another facility at a different time.   Normally, the

Court would agree.  A grievance directed at a particular individual at a particular institution is proof

only as to that *particular incident*, *individual and institution.*  As noted by Defendants, the purpose

of the exhaustion requirement is to "reduce the quantity and improve the quality of prisoner suits; . .

. [and] afford corrections officials . . . opportunity to address complaints internally. . . . 42 U.S.C. §

1997e(a).  It is also to remedy the weakening of an agency's effectiveness by the "frequent and

deliberate flouting of administrative processes."  *McKart v. United States*, 395 U.S. 185, 195

(1969).  Plaintiff must utilize the internal administrative processes available within the particular

institutions and may not rely on vague and conclusory grievances.

Here, however, while at the WCC IMU, Plaintiff was specifically told that kosher meals are

approved through the *state* food program manager and that the grievance response would not

change with his location.  Further, Plaintiff was told that he had exhausted his administrative

remedies on this issue:

> EXPLANATION: YOU GRIEVED KOSHER MEAL SIZE @ WSP IN LOG
> 0411018, AND YOU WERE TOLD THAT THE MEALS ARE APPROVED
> THROUGH THE STATE FOOD PROGRAM MANAGER'S OFFICE.  THE
> RESPONSE HAS NOT CHANGED W/LOCATION.  IT STILL APPLIES @ WCC.
> YOU HAVE EXHAUSTED ADMINISTRATIVE REMEDIES ON THIS ISSUE.

(Dkt. # 62,  Attach. A, p. 3 (Log I.D. 052244, September 27, 2005))(emphasis in original).

Thus, Defendants' argument, that a grievance filed by Plaintiff regarding the adequacy of a

meal he was served at one facility cannot be applied to a meal he was served at another facility, is

directly contradicted by the evidence in the record.

In addition, Defendants argue that Plaintiff has failed to exhaust his administrative remedies

with regard to his claims raised in paragraphs 48 and 49.  In those paragraphs, Plaintiff complains

that Defendant Brad Dudley refused to provide him with photocopies and that Defendants Thach,

REPORT AND RECOMMENDATION - 7

Frederick and Lyle failed to process and refused to investigate his grievances. (Dkt. # 62 at ¶ ¶ 48, 49). (Defendants who have not yet been served.)

In support of their argument that Plaintiff has failed to exhaust his administrative remedies on these claims, Defendants merely point to copies of the grievances Plaintiff attached to his First Amended Complaint. Plaintiff has provided copies of an initial grievance and initial appeal. (Dkt. # 62, Attach. B., pp. 13-15). The copy of the grievance identified as Log I.D. 0706072 is partially illegible and the Court is unable to determine the Plaintiff's portion of the complaint. In the grievance coordinator's response portion, Plaintiff was advised that additional information and rewriting was required and he was questioned as to whether he was attempting to appeal his Level II to Level III. (*See Id.* at p. 15).

Plaintiff states in his opposition brief that Defendant Thach refused to process this grievance to Level III and that, therefore, he had administratively exhausted his entire grievance. (Dkt. # 68 at 4.) Defendants have provided no evidence to the contrary nor do they address this argument.

While it is clear that in deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact, *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam), the record and argument of Defendants is inadequate to allow the undersigned to make such a determination here. As to Plaintiff's claims relating to the inadequacy of his meals, there remain questions relating to the scope of Plaintiff's exhaustion and as to whether Plaintiff has properly exhausted his remedies as to the named Defendants. Based on the record and the lack of evidence provided by Defendants on these issues, the Court is unable to make the determination of whether Plaintiff has properly exhausted his grievances at the motion to dismiss stage.

Accordingly, the undersigned recommends that Defendants' motion to dismiss for failure to

1  exhaust should be denied.

2

3  **B.**    **Plaintiff's Claims in *Florer v. Peck, et al.*, Cause No. CV 05-5039 EFS**

4          Defendants argue that the Court should dismiss Plaintiff's claims that the Kosher diet is

5  religiously inadequate in the interests of judicial economy because the Eastern District has been

6

7  presented with numerous claims, in *Florer v. Peck, et al.*, No. C05-5039EFS, including a claim that

8  the kosher diet, as written in 2004, is nutritionally and religiously inadequate.  Defendants note that

9  Defendants Johnson and Simpson are also defendants in *Florer v. Peck, et al.*

10         Defendants have not provided this Court with any documentation which would support a

11  conclusion that the action in the Eastern District is sufficiently similar, *i.e.,* same parties and same

12
   conduct, to be considered a simultaneous lawsuit.  In addition, the motion before the Court is one to
13
   dismiss for failure to state a claim. Reference to other pleadings or documents, if any had been
14
15  provided, would likely have required this Court to convert the motion to a summary judgment

16  motion.

17         Accordingly, the undersigned recommends that Defendants' motion to dismiss on this

18  ground be denied.

19

20

21  **C.**    **Plaintiff's Claims for Relief**

22         **1.**    **Plaintiff's First Amendment Claim**

23         In order to establish a First Amendment violation, a plaintiff must show that the defendants

24  burdened the practice of his religion by preventing him from engaging in conduct mandated by his

25  faith.  *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997).  In analyzing the legitimacy of

26
   regulation of prisoners' religious expression, the court should utilize the *Turner* factors.  (See
27

28  REPORT AND RECOMMENDATION - 9

*Turner v. Safley*, 482 U.S. 78, 89 (1987)).  In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." *Freeman*, 125 F.3d at 737 (citing *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)).

Defendants argue that Plaintiff has not affirmatively alleged his faith or religious beliefs and that absent this affirmative allegations, Plaintiff cannot demonstrate that the practice of his religion has been burdened in any way.   In response, Plaintiff submitted a declaration with his opposition brief, in which he declares that his religious beliefs are Jewish. (Dkt. # 68 at 15).  Defendants argue that Plaintiff's declaration should be stricken from the record as it is not part of the pleadings on which this motion rests pursuant to Fed.R.Civ.P. 12(b).   The Court does not find it necessary to rely on this declaration nor to convert the pending motion to a motion for summary judgment as Plaintiff's religious beliefs can be ascertained from a liberal reading of the First Amended Complaint.  (*See* Dkt. # 62).

Alternatively, Defendants argue that even assuming that Plaintiff has identified a faith or religion, he still has not asserted a claim for which relief can be granted because he makes nothing more than vague, conclusory statements about the kosher diet not meeting Judaic dietary law, the kosher diet not meeting "HHS/USDA Dietary Guidelines for Americans 2005 ed. Standards for Nutrition", and he is being "punished" for his Jewish beliefs.   Defendants state that in amending his complaint, Plaintiff has done nothing more than divide up the Defendants by where they work and listing the same vague, conclusory allegations under each group of Defendants.  The Court does not agree.

The allegations of which Defendants complain were contained in Plaintiff's original complaint.  (Dkt. # 5).   The Court granted Plaintiff leave to amend and advised Plaintiff of the

REPORT AND RECOMMENDATION - 10

inadequacies of those allegations in particular.  (Dkt. # 58).  The Court told Plaintiff that he must describe the conduct that deprived him of his constitutional rights and that he needed to articulate what actions were taken or not taken by each of the named Defendants and describe how those actions or inactions violated his constitutional rights under Section 1983 and RLUIPA.  (*Id*.).

Although there remain areas in his Amended Complaint where Plaintiff alleges broadly that Defendants failed to follow "alleged Kosher guidelines," (Dkt. # at ¶ 37) or that the "TV dinners are non-consumable," (*Id*. at ¶ 51), these must be read together with the paragraphs containing more specific allegations.  Plaintiff has also included specific allegations including: serving food made from scratch, refusing fast snacks, refusing to place Plaintiff on the Passover participation list (¶ 39), withholding items from the Kosher menu (¶ 40), serving main menu foods as kosher foods and serving meat with cheese in the same meals (¶ 42).  Plaintiff has also named specific Defendants within each of the numbered allegations.

Taken as a whole and read liberally, Plaintiff has sufficiently alleged his faith or religious beliefs and that Defendants have prevented him from engaging in the exercise of his religion.  While Defendants complain that Plaintiff has not affirmatively declared his faith, it may be inferred from the allegations of Plaintiff's Amended Complaint that the consumption of a kosher diet is part of Plaintiff's religious beliefs.  For purposes of this motion, the Court accepts this in determining whether Plaintiff's claim is related to his sincerely held religious belief.  *See Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).  (To merit protection under the free exercise clause, the claimant must establish both that his belief is sincerely held and that it is rooted in religious belief.)

Accordingly, the undersigned recommends that Defendants' motion to dismiss Plaintiff's First Amendment claim be denied.

.

REPORT AND RECOMMENDATION - 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2.      Plaintiff Claim Under RLUIPA.**

42 U.S.C. § 2000cc is the Religious Land Use and Institutionalized Persons Act (RLUIPA).

RLUIPA provides that:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

In order to state a prima facie case under RLUIPA, a plaintiff must show that the regulation imposes a substantial burden on his religious exercise. *San Jose Christian College v. Morgan Hill*, 360 F.3d 1024 (9th Cir. 2004). If the plaintiff makes this prima facie showing, the burden shifts to the government to demonstrate that the regulation furthers a compelling governmental interest and is the least restrictive means of furthering that compelling interest. *Id*.; see 42 U.S.C. § 2000cc-2(b).

Defendants argue that Plaintiff's claim must fail for the same reason that his First Amendment claim fails, namely that he has failed to affirmatively assert his faith or religious beliefs.  For the reasons set forth above, therefore, the undersigned recommends that Defendants' motion to dismiss Plaintiff's RLUIPA's claims be denied.

**3.      Plaintiff's Eighth Amendment Claim**

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the health and safety of inmates. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   An inmate claiming an Eighth Amendment violation relating to health care must show that the prison officials acted with deliberate indifference to a serious

REPORT AND RECOMMENDATION - 12

medical need.  *Estelle v. Gamble,* 429 U.S. 97, 104 (1976).  The plaintiff must prove both an

objective and a subjective component. *Hudson v. McMillan,* 503 U.S. 1 (1992); *McGuckin v. Smith*,

974 F.2d 1050, 1059 (9th Cir. 1992).  First, the alleged deprivation must be, objectively,

"sufficiently serious." *Farmer,* 511 U.S. at 834.  A "serious medical need" exists if the failure to

treat a prisoner's condition would result in further significant injury or the unnecessary and wanton

infliction of pain contrary to contemporary standards of decency.  *Helling v. McKinney,* 509 U.S.

25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059.

Second, the prison officials must be deliberately indifferent to the risk of harm to the inmate.

*Farmer*, 511 U.S. at 834.  An official is deliberately indifferent to a serious medical need if the

official "knows of and disregards an excessive risk to inmate health or safety."  *Id.* at 837.

Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's

health.  *Id.* at 835.  In assessing whether the official acted with deliberate indifference, a court's

inquiry must focus on what the prison official actually perceived, not what the official should have

known.  *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).  If one of the components is not

established, the court need not inquire as to the existence of the other.  *Helling*, 509 U.S. 25.

"The Eighth Amendment requires only that prisoners receive food that is adequate to

maintain health; it need not be tasty or aesthetically pleasing." *Lemaire v. Maass*, 12 F.3d 1444,

1456 (9th. Cir.1993) (citation omitted). Only those conditions of confinement that deny a prisoner

"the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

Eighth Amendment violation." *Id*. (quoting *Hudson v. McMilliam*, 503 U.S. 1, 112 S. Ct. 995, 1000,

117 L. Ed. 2d 156 (1992)).

Defendants argue that Plaintiff has failed to allege facts sufficient to support a finding of

deliberate indifference to his health or safety as Plaintiff's weight loss does not rise to the level of

REPORT AND RECOMMENDATION - 13

serious harm.  Assuming such weight loss rose to the level of serious harm, Defendants argue that Plaintiff has not asserted that any one of the Defendants were aware of the weight loss, or should have been aware of it, and that they knowingly disregarded a substantial risk to his health and safety.  In addition, Defendants argue that Plaintiff does not have a constitutional right to a diet of his own choosing.

Plaintiff has alleged that the food he is receiving is inadequate and is affecting his health. (*See, e.g.*, Dkt. # 62, ¶ 66). Plaintiff also alleges that several Defendants (who have not yet been served),  refused to intervene to correct inadequacies in the diet when he was placed in twenty-four hour solitary confinement.  (Dkt. # 62, ¶ 67-68).  The inadequacy of the main menu diet and Plaintiff's weight loss was the subject of the Grievance Log I.D. 0522444 (Dkt. # 62, Attach. A, p. 3).  Plaintiff further alleges that Defendants refuse to investigate and respond to his grievances in violation of his Eighth Amendment.  (Dkt. # 62 at ¶ 70).   A liberal reading of these allegations, leads the undersigned to conclude that Plaintiff has adequately plead an Eighth Amendment violation.

Accordingly, the undersigned recommends that Defendants' motion to dismiss Plaintiffs' Eighth Amendment claim be denied.[3]

### 4.    Plaintiff's Claims Under RCW 7.72.010, 21 CFR § 101.9, Or 9 CFR § 317

Plaintiff claims that Defendants Correctional Industries Food Factory, First Choice Foods, and Harold Clarke are adding trans fat into the prison diet by the use of solid form margarine and shortening and are failing to warn of that addition, in violation of RCW 7.72.010; 21 CFR § 101.9

---

[3]In his response, Plaintiff refers to potential claims on behalf of other inmates and/or request for class action.  No such claims are before this Court nor are they relevant to the instant motion to dismiss.

and 9 CFR § 317.  (Dkt. # 62, ¶¶ 63-64; Dkt. # 68 at 11).

As these Defendants have not yet been served with the Amended Complaint, the undersigned recommends that Defendants' motion be denied at this time.  Defendants may renew their motion after service of the Amended Complaint.

**5.     Plaintiff's Claims Against Defendant Dudley**

In ¶¶ 48 and 69, Plaintiff alleges that Defendant Dudley refused to make photocopies for Plaintiff "out of retaliation and collaboration."   Defendants argue that Plaintiff's claim against Defendant Dudley should be dismissed because Plaintiff does not have a constitutional right to photocopies. Defendants concede, however, that Plaintiff does have a right to be free from retaliation.  Defendant Dudley has not yet been served with the Amended Complaint. Accordingly, the undersigned recommends that Defendants' motion be denied at this time.  Defendants may renew their motion after service of the Amended Complaint.

**6.     Plaintiff's Claims of "Future Damages"**

Defendants assert that Plaintiff's claims for future violations, stated in ¶¶ 30, 35, 50, and 51 of his First Amended Complaint (Dkt. # 62) should be dismissed because these are allegations of constitutional violations that have not yet occurred. In these paragraphs, Plaintiff alleges that the violations specified have occurred and will occur "from April 2006 thru Pltf maximum release date of April 2013".  (*See Id*. at ¶¶ 30, 35, 50, and 51).  As Plaintiff does not make these claims in the context of a request for injunctive relief, but is asking to hold the named Defendants liable for damages for constitutional violations that have not yet occurred, Defendants ask that all of these unspecified, unproven future harm claims be dismissed.

REPORT AND RECOMMENDATION - 15

Plaintiff responds that he will seek injunctive relief and class certification.  However, neither of these issues are before the Court nor are they relevant to determining this motion.  There is presently no issue for the Court to determine as these allegations relate to alleged future damages, which is a matter of proof appropriate for a later time.  Accordingly, the undersigned recommends that Defendants' motion to dismiss on this ground be denied.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Court should **DENY** Defendant's motion to dismiss.  (Dkt. # 67).  A proposed order accompanies this Report and Recommendation.   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 28, 2007**, as noted in the caption.

DATED this _7th_ day of September, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16