UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

          Plaintiff,

   v.

CHERYL JOHNSON, *et al.*,

          Defendants.

Case No. C06-5561 RJB/KLS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR REASONABLE ACCESS TO A TYPEWRITER

Before the Court are Plaintiff's motions for reasonable access to a typewriter (Dkt. # 78) and Plaintiff's motion for reconsideration for typewriter access (Dkt. # 104).[1] The Court having reviewed the motions and Defendants' response (Dkt. # 79), finds that the motions should be granted in part as set forth below.

**DISCUSSION**

Plaintiff is currently incarcerated in the Intensive Management Unit (IMU) at Clallam Bay Corrections Center. (Dkt. # 79). Offenders housed in the IMU are not permitted to possess typewriters in their cells as part of their personal property. (*Id*., Exh. 1). Plaintiff previously requested that he be granted access to a typewriter. (Dkt. # 70). That request was denied as there were no pending deadlines

---

[1] The Court construes this latter motion as a motion to reconsider the Court's Order (Dkt. # 73) denying Plaintiff's previous request for access to a typewriter. Plaintiff's previous motion was denied as there were no pending deadlines in this case. (*Id*.).

ORDER
Page - 1

in this matter. (Dkt. # 73).

However, as this case moves forward, there will undoubtedly be motions for which Plaintiff will seek typewriter access. Plaintiff complains of an injury to his hand making long periods of writing painful. Plaintiff submits evidence in the form of a response to a Health Services Kite from Dr. Clifford J. Johnson, an osteopathic physician at Clallam Bay Correction Center indicting that Plaintiff's hand is slow healing because "the soft tissues were damaged when the bone was broken." (Dkt. # 104, p. 7).

Defendants have indicated a willingness to allow typewriter access to Plaintiff subject to certain restrictions within Clallam Bay's prison policies, in the event Plaintiff must file a document with this Court. (Dkt. # 79). Plaintiff filed this motion in two other courts where he has actions pending. These same restrictions were adopted in *Florer v. Peck, et al.*, USDC No. CV-05-5039-EFS, Docket No. 455. In *Florer v. Congregation Pidyon Shevuyim, et al.* USDC No. C06-1465RSM-MAT, Docket No. 31, Plaintiff's motion was denied as moot as dismissal had been recommended.

The Court finds the restrictions appropriate and accordingly, **ORDERS:**

1) Plaintiff's motion for typewriter access in the event he must file a document with this Court (Dkt. # 78 and Dkt. # 104) are **GRANTED subject to the following restrictions:**

   **(a)** Plaintiff must submit an Inmate Kite to Correctional Unit Supervisor Al Moseley requesting access to a typewriter;

   **(b)** Plaintiff will be permitted to use the typewriter referenced in Plaintiff's Motion, assuming that typewriter exists, in the education room for one hour per week; and

   **(c)** Plaintiff must supply his own paper and typewriter ribbon. If he so chooses, they may be mailed to Al Moseley at Clallam Bay Corrections Center, who will insure that they are made available to Plaintiff pursuant to these restrictions.

2) The Clerk of the Court shall send a copy of this Order to Plaintiff and counsel for

ORDER
Page - 2

1 | Defendants.

DATED this  4th  day of December, 2007.


                                           Karen L. Strombom
                                           United States Magistrate Judge