UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

    Plaintiff,

  v.

CHERYL JOHNSON, *et al.*,

    Defendants.

Case No. C06-5561 RJB/KLS

REPORT AND RECOMMENDATION

**Noted For: January 11, 2008**

Before the Court is Plaintiff's motion for a temporary injunction. (Dkt. # 100). After careful review of the motion, Defendant's response and affidavit (Dkt. # 105), and balance of the record, the undersigned recommends that the motion be denied.

## I. FACTUAL BACKGROUND AND RELIEF REQUESTED

Plaintiff seeks an injunction to protect him from Correctional Unit Supervisor (CUS) Steven Blakeman's "many punishment stratigies [sic] . . . which result in losses of [good conduct time] which keeps me in prison longer, losses of recreation, showers and, housing in one of DOC's mental health wards." (Dkt. # 100, p. 5). Plaintiff filed this motion but did not serve the Government. (Dkt. # 105, Exh. 2). Plaintiff states that he did so because he fears notice would result in "retaliation of (1) malicious and sadistic force (2) continuting [sic] of loss of liberty of [sic] firvious [sic] prison infractions." (*Id*., p. 1).

REPORT AND RECOMMENDATION - 1

Plaintiff filed this same motion in United States District Court Eastern District of Washington in Florer v. Peck, et al., No. CV-05-5039-EFS. The Court, in that case, treated this as an ex parte motion and denied Plaintiff"s motion.

## II. STANDARD OF REVIEW

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. V. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *See Nike, Inc. V. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted).  "These two alternatives represent extremes of a single continuum, rather than two separate tests.  Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted).  Under either test, the movant bears the burden of persuation. *Mattel, Inc. V. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

## III. DISCUSSION

Plaintiff claims that CUS Blakeman asked him to consider settling his lawsuit with "the state and your recent interest in young men"or CUS Blakeman might refer Plaintiff to Dr. Rucker "for an appropriate housing assignment." (Dkt. 100, p. 3). Dr. Rucker is Clallam Bay Correction Center's mental health professional. (*Id*., p. 4). Plaintiff believes CUS Blakeman is threatening him and that he will employ "malicious and sadistic force unless [Plaintiff settles] the EFS [*Florer v. Peck*, Case No. CV-05-5039-EFS, ED WA] case with the state." (*Id*., p. 7).  Plaintiff asks to be

REPORT AND RECOMMENDATION - 2

housed in federal custody until his preliminary injunction is heard.

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party.  Plaintiff states he did not give notice to Defendants because "the AG's office will notify CBCC employee's [sic] and I fear imeatate [sic] retaliation . . . ." (*Id.*).

Rule 65(b) may not be granted without written or oral notice to the adverse party unless:

1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

2) the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

The standard for issue a temporary restraining order is the same as the standard for issuing a preliminary injunction. *Witman v. Hawaiian Tug & Barge Corp./Young Bros., Ltd. Salaried Pension Plan*, 27 F.Supp.2d 1225, 1228 (D. Haw. 1998).  Therefore, Plaintiff must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. *Associated General Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

The Eighth Amendment protects against future harm and supports an injunction if an inmate proves the conditions in the prison are unsafe and life threatening. *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993).  Here, Plaintiff alleges that he is being threatened with a possible relocation to a mental health ward.  This possibility, with nothing further, fails to meet the

REPORT AND RECOMMENDATION - 3

standard for the issuance of an injunction.  Plaintiff has provided no evidence that the conditions in the prison are unsafe and/or life threatening warranting issuance of an ex parte temporary restraining order.

### IV.  CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's motion for preliminary injunction (Dkt. # 100)**.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 11, 2008**, as noted in the caption.

DATED this 12th  day of December, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4