UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

    Plaintiff,

v.

CHERYL JOHNSON, *et al.*,

    Defendants.

Case No. C06-5561 RJB/KLS

REPORT AND RECOMMENDATION

**Noted For: February 15, 2008**

Before the Court is Plaintiff's motion for a temporary injunction. (Dkt. # 119). After careful review of the motion, Defendant's response and affidavit (Dkt. # 124), Plaintiff's reply (Dkt. #131), supplemental reply (Dkt. # 133) and balance of the record, the undersigned recommends that the motion be denied.

**I. FACTUAL BACKGROUND AND RELIEF REQUESTED**

Plaintiff is an inmate currently incarcerated at the Washington State Penitentiary (WSP) in the Intensive Management Unit (IMU). (Dkt. # 124, Exh. 1, Attach. A). Plaintiff alleges that the kosher and mainline diets as written and as served violate his constitutional rights. (Dkt. # 62). Plaintiff names numerous individuals, including employees at Washington Corrections Center

REPORT AND RECOMMENDATION - 1

(WCC), Stafford Creek Corrections Center (SCCC), Clallam Bay Corrections Center (CBCC), and Department of Corrections (DOC) headquarters in Tumwater. *Id*. However, Plaintiff has not named any individuals at Washington State Penitentiary (WSP), as Defendants in this lawsuit. *Id*.

Plaintiff seeks a preliminary injunction to "hold the status quo of his legal papers from being destroyed by the WSP inventory property c/o Mr. Dunleavy (a WSP employee) and Defendant Clarke." (Dkt. # 119, p. 1). Plaintiff also asks that Defendant Clarke and Mr. Dunleavy be ordered to show cause why they have taken legal files from him, ordering Defendant Clarke and a "Clsr. Shoemaker" to show cause for their refusal to provide photocopies, ordering Defendant Clarke to show cause for his "refusal to provide satilite [sic] law library", and ordering Defendant Clarke to permit inmate to inmate correspondence. *Id*. at pp. 4-5.

Plaintiff states that when he was transferred on October 7, 2007 from CBCC to WCC, his legal papers (10 boxes) were returned to him in disarray. *Id*., pp. 4-5. Plaintiff also states that several papers were missing from his files, such as research, copies of DOC policies, writing papers, and nutrition fact panels. *Id*. Plaintiff also states that Clsr. Shoemaker refused to photocopy certain of his documents because they were handwritten and that Defendants have refused him access to a satellite law library to work on his verifiable court cases. *Id*. p. 10. Plaintiff claims that Defendants' conduct is in retaliation for his pending lawsuits. (Dkt. # 119, p. 4).[1]

Finally, in his Supplemental motion, Plaintiff claims that he was transferred from WSP IMU on December 26, 2007 to MICC IMU. (Dkt. # 133). Plaintiff claims this latest transfer is retaliatory. *Id.*

---

[1] In *Florer v. Peck, et al*., No. CV-05-5039-EFS, Plaintiff filed a similar motion, requesting to amend his complaint to allow an action in retaliation against Mr. Dunleavy for removing items from his case file. That motion was denied. The Court stated that Plaintiff's concerns about retaliatory behavior are more appropriately addressed through WSP's internal grievance system. (*See* Dkt. # 474).

REPORT AND RECOMMENDATION - 2

## II. STANDARD OF REVIEW

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *See Nike, Inc. V. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

## III. DISCUSSION

At the outset, the Court notes that Plaintiff seeks injunctive relief against two individuals who are not named parties to this lawsuit – Mr. Dunleavy and Clsr. Shoemaker, employees at WSP. Plaintiff alleges that these individuals are employees at WSP and are responsible for the alleged retaliatory actions occurring at WSP. Neither Mr. Dunleavy nor Mr. Shoemaker are named in Plaintiff's First Amended Complaint. (Dkt. # 62). This Court has no personal jurisdiction over either of these individuals. *See, e.g., Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (defendant must be served in accordance with Fed. R. Civ. P. 4 or court has no personal jurisdiction over that defendant).

Plaintiff also names Harold Clarke and argues that as Secretary of the Department of

REPORT AND RECOMMENDATION - 3

Corrections, he is responsible for the actions of employees at WSP. (Dkt. # 131, p. 4). Defendants counter that Plaintiff has offered no evidence the Defendant Clarke has had any contact with WSP staff about Plaintiff, or that he has participated in any way in the activities Plaintiff alleges are occurring. (Dkt. # 124). Notwithstanding this lack of evidence, the undersigned finds that Plaintiff cannot meet his burden to justify the extraordinary relief he requests as he has failed to show a significant risk of irreparable harm.

The standard for issue a temporary restraining order is the same as the standard for issuing a preliminary injunction. *Witman v. Hawaiian Tug & Barge Corp./Young Bros., Ltd. Salaried Pension Plan*, 27 F.Supp.2d 1225, 1228 (D. Haw. 1998). Therefore, Plaintiff must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. *Associated General Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Before an inmate can bring a lawsuit for an access to courts violation, the inmate must have standing. In *Lewis v. Casey*, 518 U.S. 343, 351 (1996), the Supreme Court held that to have standing to bring an access to courts claim, an inmate must allege both that he was denied access to legal materials or advice and that this denial harmed his ability to pursue non-frivolous legal action, that is, the inmate must show actual injury. To show actual injury the inmate must, for example, show that because of the inadequate library facilities or because of the prison regulations governing access and use of the library facilities, the inmate was unable to file a complaint or that the inmate lost a case because the inmate could not timely file critical pleadings. *Id*. at 351; *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989).

Plaintiff claims that his legal materials have been disorganized and that certain materials

REPORT AND RECOMMENDATION - 4

have been lost.  He also claims that a WSP employee refused to make photocopies on at least one occasion and that he has been transferred and is being denied the use of a satellite library.  In order to constitute a constitutional violation, however, Plaintiff must allege actual injury. *Sands*, 886 F.2d at 1171.  To show "actual injury" Plaintiff must identify a specific instance in which he was actually denied access to the court. *Id.*  Plaintiff has not articulated any instance, and therefore, he cannot establish a violation of a federal right.

In the absence of a violation of a federal right, Plaintiff cannot meet his burden justifying injunctive relief.

### IV.  CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's motion for preliminary injunction (Dkt. # 119)**.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 15, 2008**, as noted in the caption.

DATED this 24th  day of January, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5