UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

        Plaintiff,

   v.

CHERYL JOHNSON, *et al.*,

        Defendants.

Case No. C06-5561RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom. Dkt. 138. The Court has considered the Report and Recommendation, objections to the Report and Recommendation, if any, and the file herein.

    The Report and Recommendation recommends denial of Plaintiff's motion for temporary injunction to "hold the status quo of his legal papers from being destroyed by the WSP inventory property c/o Mr. Dunleavy (a WSP employee) and Defendant Clarke." Dkt. 138, at 2 (citing Dkt. 119). Plaintiff moves for an order to show cause against Defendant Clarke and Mr. Dunleavy for taking his legal files, an order to show cause against Defendant Clarke and "Clsr. Shoemaker" for their refusal to make photocopies, an order to show cause against Defendant Clarke for his refusal to provide "satilite [sic] law library" and an order requiring Defendant Clarke to allow inmate to inmate correspondence. *Id*.

    In the Report and Recommendation, Judge Strombom notes that Plaintiff seeks injunctive relief from two individuals who are not named parties to this law suit, Mr. Dunleavy and Clsr. Shoemaker. *Id*. Judge Strombom recommends denial of the motion for injunctive relief because the Plaintiff has not shown

ORDER
Page - 1

1  a "significant risk of irreparable harm." *Id*. (*citing Associated General Contractors of California, Inc. v.*
2  *Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

3  On February 5, 2005, Plaintiff filed a pleading entitled "Supplement." Dkt. 142. The pleading
4  states that "CBCC, WSP, MICC are refuse [sic] to assist me in the preparation and filing of meaningful
5  legal papers by providing me with [an] adequate law library." *Id.* He states that the "MICC law librarian
6  Vu is not adequately trained in the law." *Id*.

7  To the extent that Plaintiff intends this pleading to be objections to the Report and
8  Recommendation, Plaintiff's arguments are unavailing. To have standing to bring an access to courts
9  claim, an inmate must allege both that he was denied access to legal materials or advice, and that this denial
10 harmed his ability to pursue non-frivolous legal action, that is, the inmate must show actual injury. *Lewis*
11 *v. Casey*, 518 U.S. 343, 351 (1996). Even if Plaintiff's allegations are true, Plaintiff has not shown that he
12 has suffered an actual injury. *See Id.* (holding that to show actual injury the inmate, for example, must
13 show that because of the inadequate library or prison regulations governing access to the library, he was
14 unable to file a complaint or lost a case because he could not file timely pleadings). Accordingly, Plaintiff
15 has not shown that he would be exposed to a "significant risk of irreparable harm" absent the requested
16 preliminary injunction. *See Associated General Contractors of California*, at 1410. The Report and
17 Recommendation (Dkt. 138) should be adopted, and Plaintiff's motion for preliminary injunction (Dkt.
18 119) should be denied.

19 Therefore, it is hereby **ORDERED** that
20 • The Report and Recommendation (Dkt. 138) is **ADOPTED**;
21 • Plaintiff's Motion for Preliminary Injunction (Dkt. 119) is **DENIED**; and
22 • The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
23 party appearing *pro se* at said party's last known address.
24 DATED this 25th day of February, 2008.

ROBERT J. BRYAN
United States District Judge