1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

DENNIS FLORER,

12
                    Plaintiff,

13          v.

14   CHERYL JOHNSON, *et al.*

15                    Defendants.

16

Case No.  C06-5561 RJB/KLS

ORDER DENYING PLAINTIFF'S
MOTION FOR PERSONAL
SERVICE OF DEFENDANTS

17
        Before the Court is Plaintiff's motion for personal service of Defendants.  (Dkt. # 145).  Having

18   carefully reviewed Plaintiff's motion, Defendants' opposition (Dkt. # 149) and the balance of the record,

19   the Court finds that Plaintiff's request should be denied.

20                                    **I. DISCUSSION**

21          Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and

22   complaint must be made upon a defendant within 120 days after the filing of the complaint.  Unless the

23   plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice

24   as to that defendant or shall extend the time for service.  Fed.R.Civ.P. 4(m).  In cases involving a plaintiff

25   proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons

26   and complaint.  Fed.R.Civ.P. 4(c)(2).  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is

27   entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be

28   penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court

1  clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting

2  *Puett v. Blanford*, 912 F.2d 270, 275 (9t Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*,

3  515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the

4  defendant, the marshal's failure to effect service is 'automatically good cause.'" *Walke*r, 14 F.3d at 1422

5  (*quoting Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)).   However, where a pro se plaintiff

6  fails to provide the Marshal with accurate and sufficient information to effect service of the summons and

7  complaint, the court's sua sponte dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at

8  1421-22.

9       On September 4, 2007, the Court directed service of Plaintiff's First Amended Complaint.  (Dkt. #

10  75).  Since the Order directing service, five of the completed service forms have been returned to the

11  Court by the Marshal service as "unexecuted".  (Dkt. # 80, 85, 86, 88, and 121).  Of the four returned

12  "unexecuted" three were returned because Plaintiff failed to provide the full name of the individual he

13  was attempting to serve.  (Dkt. # 80, 85, 88, and 121).  The fourth and fifth "unexecuted" service forms

14  were addressed to employees at Washington Corrections Center and Stafford Creek Corrections Center

15  who no longer work at those institutions. (Dkt. # 80 and 86).

16       On November 29, 2007, Defendants received from Plaintiff a discovery request entitled "Secretary

17  Clarke or Whom Holds the Secretary Position Discu. # 1 FRCP Rule 33 No. 1 - 10 FRCP Rule 34 No. 1 -

18  12." (Dkt. # 149, Exh. 2).  Plaintiff requested the identities of all Adult Correctional Cooks, along with

19  their work locations, all Food Managers, along with their work locations, and the individual designated to

20  receive service on behalf of Correctional Industries and First Choice Food Products.  *Id*.  On December

21  28, 2007, Defendant Clarke served Plaintiff with his responses and objections to this request. *Id*., Exh. 2,

22  Attach. A.   In those responses, Defendants provided Plaintiff with the names and work locations of all

23  Adult Correctional Cooks and Food Managers, and informed Plaintiff that Secretary Eldon Vail and

24  Correctional Industries Director Lyle Morse can accept service on behalf of Correctional Industries, and

25  that First Choice Foods is not an entity, but is a brand name of products distributed by Correctional

26  Industries. *Id*.

27                                    **II.  CONCLUSION**

28       Despite Plaintiff's *in forma pauperis status*, he must supply the information necessary to identify

the defendants to be served.  *See Walker v. Sumner*, 14 F.3d at 1415.  Neither the U.S. Marshal Service nor the Clerk of the Court may engage in investigatory efforts on behalf of parties to a lawsuit as this would improperly place the Court in the role of the Plaintiff's advocate.  However, it appears that Plaintiff now has the information necessary to properly identify the Defendants and to provide that information to the U.S. Marshal to complete service of the named Defendants in this action.

Accordingly, it is **ORDERED** that Plaintiff's motion to personally serve (Dkt. # 145) is **DENIED**.  Plaintiff is directed to provide the U.S. Marshal Service with the information necessary to complete service on the Defendants named in his First Amended Complaint.

DATED this  12th  day of March, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3