UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

    Plaintiff,

    v.

CHERYL JOHNSON, *et al.*,

    Defendants.

Case No. C06-5561 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

    Before the Court is Plaintiff's motion to compel. (Dkt # 135). The Court has reviewed Plaintiff's motion and Defendants' response (Dkt. # 136), and finds that the motion should be denied as more fully discussed below.

## I. DISCUSSION

    On November 29, 2007, Defendants received Plaintiff's interrogatories and requests for production. (Dkt. # 136, Exh. 1). On December 28, 2007, Defendant Clarke served Plaintiff with his responses and objections to these requests. *Id*., Exh. 1, Attach. A. At the time of service, however, Defendants had not yet obtained Defendant Clarke's signature to his interrogatory answers. *Id*. Defense counsel advised Plaintiff that the signature page would be forwarded upon receipt. *Id*., Attach. C.

    On January 4, 2008, Plaintiff sent a letter to defense counsel stating "Discovery #1 was sent to you on 112507. Per FRCP 37 in W.D. of Wash. LR 37.1 request to confer, will compel." (Dkt. #

ORDER  1

135, Exh. C.  Defense counsel interpreted this letter to mean Plaintiff had not received the discovery responses and was under the impression that the responses were late. (Dkt. # 136, Exh. 1).  Exhibit 1. She responded that they were not late and if Plaintiff had any concerns with the content of the responses upon receipt, that he should contact her and she would schedule a discovery conference. *Id*.  Plaintiff did not respond to the letter, but filed this motion instead.  *Id*., Exh. 1,¶ 7.  Plaintiff has not contacted Defendants' counsel to confer about the discovery responses and to attempt to secure disclosure without court action. *Id*., Exh. 1, ¶ 8.

Pursuant to Fed. R. Civ. P. 37(a)(2)(A), a party moving to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the party not making disclosure in an effort to secure the disclosure without court action." Moreover, the Western District Court's Local Court Rule 37(a)(2)(A) explicitly states "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference."

Although Plaintiff included a certification with his motion to compel that he has conferred or attempted to confer with Defendants' counsel, this statement is not sufficient nor is it supported by the facts presented by the parties.  After receipt of Defendants' discovery responses, Plaintiff should have contacted defense counsel if he had further concerns regarding the content of the responses.

The Court expects the parties to cooperate in their discovery efforts.  In the future, Plaintiff should detail in his certification what steps he took toward resolving any discovery disputes with defense counsel prior to filing motions to compel.

Accordingly, it is **ORDERED as follows:**

(1) Plaintiff's motion to compel (Dkt. # 135) is **DENIED**; and

ORDER  2

(2) The Clerk is directed to send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this 12th day of March, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER  3