1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

DENNIS FLORER,

        Plaintiff,

   v.

CHERYL JOHNSON, *et al.*,

        Defendants.

Case No. C06-5561 RJB/KLS

REPORT AND RECOMMENDATION

**Noted For: April 11, 2008**

15

16

17

18

19

     Before the Court is Plaintiff's motion for a temporary injunction.  (Dkt. # 139).  After careful review of the motion, Defendant's response and affidavit (Dkt. # 140), Plaintiff's supplement (Dkt. #142), reply (Dkt. # 143) and balance of the record, the undersigned recommends that the motion be denied.

20

### I.  BACKGROUND AND RELIEF REQUESTED

21

**A.**    **Procedural Background**

22

23

24

     Plaintiff alleges in his First Amended Complaint that the kosher and mainline diets as written and as served violate his constitutional rights. (Dkt. # 62).  Plaintiff names numerous individuals, including employees at Washington Corrections Center (WCC), Stafford Creek

25

26

REPORT AND RECOMMENDATION - 1

Corrections Center (SCCC), Clallam Bay Corrections Center (CBCC), and Department of Corrections (DOC).  *Id.*

Plaintiff's current housing assignment is at McNeil Island Corrections Center (MICC), but he is being temporarily housed at Clallam Bay Corrections Center (CBCC) so that he may appear and assist in his own defense in the Clallam County Superior Court.  Trial is scheduled in that case on March 10, 2008.  *See* (Dkt. # 149, Exh. 1).

**B.     Plaintiff's Motion and Relief Requested**

Plaintiff seeks an order requiring that his legal papers be shipped at state expense from facility to facility wherever he may be housed and to send him to a facility that has a satellite law library.  (Dkt. # 139, p. 7).[1]

When Plaintiff was previously transferred between facilities, his boxes of legal documents were shipped to him at state expense.  (Dkt. # 143, p. 1).  When he was transferred from CBCC to Washington State Penitentiary (WSP) on October 17, 2007, ten boxes of legal documents were shipped.  *Id.* (citing Dkt. # 139, p. 3).  Plaintiff was transferred from WSP to MICC on December 26, 2007.  *Id.*, p. 2.  WSP states they have 13 boxes belonging to Plaintiff that they have attempted to ship to him at MICC.  (Dkt. # 139, Exh. G).  WSP refuses to send the boxes unless Plaintiff pays

---

[1]Plaintiff recently sought similar injunctive relief directing that his legal papers not be destroyed by employees of the WSP, and for an order directing WSP employees to show cause for refusal to provide photocopies, to provide a satellite law library and inmate to inmate correspondence.  (Dkt. # 119).  Plaintiff also claimed that his transfer from WSP to MICC IMU was retaliatory.  (Dkt. # 133).  That motion was denied on the basis that this Court has no jurisdiction over WSP employees and because Plaintiff failed to show a significant risk of irreparable harm.  (Dkt. # 138).

In *Florer v. Peck, et al.*, No. CV-05-5039-EFS in the Eastern District of Washington, Plaintiff filed a similar motion, requesting to amend his complaint to allow an action in retaliation against Mr. Dunleavy for removing items from his case file.  That motion was denied.  The Court stated that Plaintiff's concerns about retaliatory behavior are more appropriately addressed through WSP's internal grievance system.  (*See* Dkt. # 474 therein).

REPORT AND RECOMMENDATION - 2

the amount of $104.67 by April 8, 2008 to cover the cost of shipping the boxes. *Id*. Otherwise, the property will be donated or destroyed pursuant to DOC Policy 440.000/WAC 137-360-040.

Plaintiff states that he cannot "pay the randsom [sic] retaliation" of $104.67 to obtain possession of boxes from WSP. (Dkt. # 139, p. 3). Plaintiff also claims that library access at CBCC, WSP and MICC is not "meaningful." (Dkt. # 142, p. 2). Plaintiff alleges further that the MICC law librarian is not adequately trained in the law, and that a failure to shepardize cases, complete photocopies, and limiting his access to only three cases at a time denies him meaningful access to courts. *Id*. Plainitff has not named any individuals at WSP or MICC as defendants in this lawsuit.

## II. STANDARD OF REVIEW

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *See Nike, Inc. V. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

## III. DISCUSSION

REPORT AND RECOMMENDATION - 3

**A.      Shipment of Legal Documents**

At the outset, the Court notes that Plaintiff seeks injunctive relief against employees at WSP and/or MICC.  Plaintiff seeks an order directing that his boxes be shipped from one facility to the next, contrary to DOC Policy 440.020.   Neither WSP, MICC, or their employees are parties to this lawsuit.  *See, e.g., Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (defendant must be served in accordance with Fed. R. Civ. P. 4 or court has no personal jurisdiction over that defendant).   Therefore, this Court lacks jurisdiction over any employees at WSP or MICC and is without authority to provide any requested relief.

**B.      Adequate Law Library**

With regard to Plaintiff's claim for lack of an adequate law library, Plaintiff requests an order directing his transfer to a facility with a satellite law library.  To the extent Plaintiff is requesting this Court enter an order directed at WSP, MICC or its employees, this Court lacks jurisdiction to do so.    In addition, inmates have no right to placement in a particular correctional institution. *See, Meachum v. Fano*, 427 U.S. 215, 225 (1976).   Furthermore, Plaintiff cannot meet his burden to justify the extraordinary relief he requests as he has failed to show a significant risk of irreparable harm.

The standard for issue a temporary restraining order is the same as the standard for issuing a preliminary injunction. *Witman v. Hawaiian Tug & Barge Corp./Young Bros., Ltd. Salaried Pension Plan*, 27 F.Supp.2d 1225, 1228 (D. Haw. 1998).  Therefore, Plaintiff must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. *Associated General Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

REPORT AND RECOMMENDATION - 4

Before an inmate can bring a lawsuit for an access to courts violation, the inmate must have standing. In *Lewis v. Casey*, 518 U.S. 343, 351 (1996), the Supreme Court held that to have standing to bring an access to courts claim, an inmate must allege both that he was denied access to legal materials or advice and that this denial harmed his ability to pursue non-frivolous legal action, that is, the inmate must show actual injury. To show actual injury the inmate must, for example, show that because of the inadequate library facilities or because of the prison regulations governing access and use of the library facilities, the inmate was unable to file a complaint or that the inmate lost a case because the inmate could not timely file critical pleadings. *Id*. at 351; *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989).

In order to constitute a constitutional violation, Plaintiff must allege actual injury. *Sands*, 886 F.2d at 1171.  To show "actual injury" Plaintiff must identify a specific instance in which he was actually denied access to the court. *Id.*  Plaintiff has not articulated any instance, and therefore, he cannot establish a violation of a federal right.

The Court is aware that since the filing of this motion, Defendants filed their motion for summary judgment and to stay discovery.  (Dkt. # 141).   On February 14, 2008, Plaintiff filed his reply to Defendants' response to this motion for preliminary relief, stating that denial of his legal documents and access to the law library is preventing him from responding to Defendants' motion.  (Dkt. # 143, p. 3).  Plaintiff further states that had he been allowed to choose which legal documents to ship, he would have chosen certain dietary evidence in support of his response as those documents cannot be replaced.  *Id*., pp. 3-4.

On February 21, 2008 , Plaintiff filed his response to Defendants' motion for summary judgment.  (Dkt. # 144).  He supported his response with 391 pages of exhibits.  *Id*.  Plaintiff alleges that defense counsel is preventing him from providing evidence by defending WSP's act

REPORT AND RECOMMENDATION - 5

1  of withholding evidence and MICC is refusing to provide him access to a law library for research

2  that he would have provided in opposition.   (Dkt. # 144, pp. 4-5) However, Plaintiff has not

3  identified what materials or research are necessary to his response and why the materials or

4  research are material to the claims raised in the summary judgment motion.  Neither has Plaintiff

5  moved for a continuance of the summary judgment motion based on the necessity for acquiring

6  evidence critical to precluding summary judgment.

7
                              **IV.   CONCLUSION**
8
          For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's
9
   motion for preliminary injunction (Dkt. # 139)**.**  A proposed order accompanies this Report and
10
   Recommendation.
11
          Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,
12
   the parties shall have ten (10) days from service of this Report to file written objections.  *See also*
13
   Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes
14
   of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
15
   72(b), the clerk is directed to set the matter for consideration on **April 11, 2008**, as noted in the
16
   caption.
17
          DATED this   18th   day of March, 2008.
18

19

20

21
                                        Karen L. Strombom
22
                                        United States Magistrate Judge
23

24

25

26  REPORT AND RECOMMENDATION - 6