1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

               Plaintiff,

     v.

CHERYL JOHNSON, *et al.*,

               Defendants.

Case No.  C06-5561 RJB/KLS

ORDER GRANTING
DEFENDANTS' MOTION TO
STAY CASE PENDING
JUDGMENT IN EASTERN
DISTRICT CASE

     This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR  3 and 4.   Before the Court is Defendants' motion for summary judgment and to stay discovery and in the alternative to stay this case.  (Dkt. # 141).  Having reviewed the motion, Plaintiff's response (Dkt. # 144), and the balance of the record, the Court finds it appropriate to rule on Defendants' alternative motion to stay at this time and finds that the interests of the parties and judicial economy are best served by ordering a stay of this action pending resolution of similar issues pending before the Eastern District of Washington.

## I. Background

     Plaintiff has two pending 42 U.S.C. § 1983 prisoner civil rights cases in Washington.  The first is *Florer v. Peck, et al.*, CV-05-5039, in the Eastern District of Washington, which is pending before the Honorable Edward F. Shea.  ("The Eastern District Case").  The second is the above-captioned case.   He has brought similar claims in both cases.

ORDER
Page - 1

**A.  Plaintiff's Claims in the Eastern District Case**

Plaintiff's claims in the Eastern District Case are set forth in his Supplemental Amended Complaint filed on September 1, 2005.  (Dkt. # 89).  Plaintiff claims are against the chaplain, food service cooks, food managers, dieticians, correctional officers and grievance coordinators at WSP and the DOC, for events which occurred during Plaintiff stay at WSP and CBCC from approximately April 2004 until December 2004 at WSP and "after December 7, 2004" at CBCC.  *Id*., p. 7.

Plaintiff's claims are based on the alleged religious and nutritional inadequacy of the kosher diet he received, the alleged failure of the institutions in which he was held to provide him with religious materials, a retaliation claim, a claim alleging that he was housed in discouraging conditions and a claim based on the institution's failure to process grievances.

On July 31, 2007, Judge Shea issued an Order Ruling in Part on Defendants' Motion for Summary Judgment.  (Dkt. # 445).   The Court analyzed Plaintiff's claim that he was denied a religiously adequate diet in deprivation of his constitutional rights under the First and Eighth Amendments, concluding that Plaintiff had not met his burden that the diet he was served at WSP was religiously inadequate.  *Id*., p. 8. The Court also found that Plaintiff failed to establish a First Amendment violation when prison officials failed to provide him with certain religious materials.  *Id*., p. 9.  Summary judgment in favor of Defendants was also granted on Plaintiff's claim of "discouraging conditions claim," and on Plaintiff's claim that Defendants failed to respond to his grievances.  *Id*., pp. 10-11.

On August 20, 2007, Judge Shea issued an Order Ruling on the Remainder of Defendants' Motion for Summary Judgment.  (Dkt. # 446).  The Court found that Plaintiff's claims regarding the nutritional adequacy of the kosher diet survived under both the First and Eighth Amendment and that the same facts will be at issue at the trial stage.  *Id*., p. 9.[1]

It appears that trial in this matter is anticipated to begin in the first or second week of September 2008.

**B.     Plaintiff's First Amended Complaint and Relief Sought in this Case**

In his First Amended Complaint, Plaintiff alleges violations of his First, Eighth, and Fourteenth

---

[1]Plaintiff's claim of retaliation, recognized by the Court in its reading of Plaintiff's Supplemental Complaint, was also reserved for trial.  *Id*., p. 8.

1    Amendment rights and the Religious Land Use and Institutionalized Persons Act (RLUIPA). (Dkt. # 62).

2    Plaintiff also claims violations of RCW 7.72 (Product Liability Actions), 21 C.F.R. § 101.9 (Nutritional

3    Labeling of Food) and 9 C.F.R. § 317 (Labeling, Marking Devices and Containers).  *Id.*  Plaintiff claims

4    that the DOC Kosher Guidelines do not meet the religious requirements of the Jewish community and that

5    they are nutritionally inadequate, placing a substantial burden on Plaintiff's ability to exercise his religion

6    and/or which subject him to cruel and unusual punishment.  *Id.*

7        Plaintiff also claims that Defendants retaliated against him by failing to make photocopies and by

8    failing to respond to grievances. *Id*., pp. 26-27.

9        Plaintiff's claims are against the chaplain, food service cooks, food managers, dieticians,

10   correctional officers and grievance coordinators at DOC, SCCC and WCC for events occurring from

11   December 1, 2004 to April 2004 at WCC, CBCC and SCCC.

12                                   **II.  Discussion**

13       A trial court may, with propriety, find it is efficient for its own docket and the fairest course for

14   the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear

15   upon the case.  This rule applies whether the separate proceedings are judicial, administrative, or arbitral

16   in character, and does not require that the issues in such proceedings are necessarily controlling of the

17   action before the court.  *Leyva v. Certified Grocers of CA, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (and

18   cases cited therein).  In such cases the court may order a stay of the action pursuant to its power to control

19   its docket and calendar and to provide for a just determination of the cases pending before it.  *Id.*

20       Here, Plaintiff is simultaneously litigating the adequacy of the DOC kosher diet in two courts.  He

21   has already received an adverse judgment in the Eastern District case on the issue of whether the kosher

22   diet is religiously adequate.  The remaining issue, whether the nutritional content of the kosher diet

23   violates Plaintiff's First and Eighth Amendment rights, is set to go to trial in the Eastern District in less

24   than six months.  The outcome of that issue will have a direct bearing on the issues Plaintiff raises in this

25   case.

26       The efficient allocation of judicial resources dictates that a stay should be granted here.  It does

27   not make sense for this Court to expend its time and energy preparing this case for trial when similar

28   issues will soon be resolved and may bar further litigation of Plaintiff's claims regarding the kosher diet

1   (and related claims).  This makes particular sense when viewed in light of the evidence of the amount of

2   discovery that the parties have already undertaken in the Eastern District case (the production of over

3   3,100 documents and 13 motions to compel in the Eastern District case in a period of one year, and

4   10,482 pages of documents and 1 motion to compel in this case to date). (Dkt. # 141, Exh. 4, Dkt. # 147,

5   Exh. 1).

6        Accordingly, it is **ORDERED**:

7   (1)    Defendants' motion for a stay of this case pending resolution of the trial on the merits in

8          Plaintiff's case in the Eastern District is **GRANTED.**   All matters in this case shall be

9          stayed, including discovery, Defendants' motion for summary judgment (Dkt. # 141), and

10         the parties shall refrain from filing further matters in this case (with the exception of filing

11         objections and responses to the Report and Recommendation (Dkt. # 154)[2];

12  (2)    Defendants shall advise the Court within twenty (20) days of receiving a final ruling in the

13         Eastern District case;

14  (3)    All pending matters shall be **STRICKEN** from the Court's docket (**except** for the pending

15         Report and Recommendation (Dkt. # 154)).

16

17      DATED this  27th  day of March, 2008.

18

19

20                                                  _Karen L. Strombom_

21                                                  Karen L. Strombom
                                                    United States Magistrate Judge

22

23

24

25

26

27

---

28      [2]The Court is aware that service of some of the Defendants remains outstanding. (Dkt. # 152).
        Plaintiff will be provided additional time to perfect service after the stay is lifted.

ORDER
Page - 4