UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS FLORER,<br><br>          Plaintiff,<br><br>     v.<br><br>CHERYL JOHNSON, *et al.*,<br><br>          Defendants. | Case No. C06-5561 RJB/KLS<br><br>ORDER DENYING IN PART PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND ADOPTING IN PART REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom. Dkt. 139. The Court has considered the Report and Recommendation (Dkt. 139), Plaintiff's Objections to the Report and Recommendation (Dkt. 157), Defendants' Response to Plaintiff's Objections (Dkt. 158), and the file herein.

## I. PROCEDURAL HISTORY

On October 26, 2006, Plaintiff filed this case pursuant to 42 U.S.C. § 1983. Dkt. 5. On April 18, 2007, Plaintiff filed a First Amended Complaint. Dkt. 62. In that complaint, Plaintiff alleges that the kosher and mainline diets as written and as served violate his constitutional rights. *See id.*

On January 24, 2008, Plaintiff filed a Motion for Preliminary Injunctive Relief. Dkt. 139. Plaintiff moved the Court for an order that his legal papers be shipped at state expense from facility to facility wherever he may be housed and to send him to a facility that has a satellite law library. *Id*. at 7. On March 19, 2008, Judge Strombom issued a Report and Recommendation that

ORDER - 1

recommended that Plaintiff's motion be denied. Dkt. 154. Judge Strombom concluded that:

    1)    the Court lacked jurisdiction and was without authority to provide any requested relief as to the shipment of Plaintiff's documents; and

    2)    Plaintiff had failed to show a significant risk of irreparable harm without the requested relief of a transfer to a different corrections facility.

*Id*. at 4.

On April 1, 2008, Plaintiff filed objections to the Report and Recommendation. Dkt. 157. Plaintiff objects on the grounds:

    1)    that the Court has jurisdiction; and

    2)    that he will suffer continued irreparable harm if a transfer is not granted because he is not currently provided adequate access to legal research.

*See* Dkt. 157.

On March 4, 2008, Defendants filed a response to Plaintiff's objections. Dkt. 158. Defendants argue that the issue of Plaintiff's documents is moot because Plaintiff's legal documents are now in his possession. *Id*. at 1. As for the issue of Plaintiff's requested transfer, Defendants argue that "Judge Strombom also correctly concluded that Plaintiff did not meet his burden of demonstrating irreparable harm in order to justify the extraordinary relief of a preliminary injunction." *Id*. at 2.

## II. FACTS

The specific facts related to Plaintiff's requests for relief are detailed in the Report and Recommendation and shall not be repeated here. Dkt. 52.

## III. DISCUSSION

Plaintiff is in possession of his property and, therefore, the Court should deny as moot

ORDER - 2

1  Plaintiff's Motion for Preliminary Injunctive Relief as to this issue.

2  When seeking injunctive relief, the moving party "must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *Nike, Inc. V. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)). Although Plaintiff continues to claim that he will suffer irreparable injury resulting from inadequate access to legal materials if he is not provided access to a "satellite law library," (Dkt. 157), Judge Strombom correctly concluded that, based on the facts before the Court, Plaintiff had failed to show irreparable injury if the transfer is not granted. Dkt. 154. Therefore, the Court should adopt the Report and Recommendation to that extent.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that:

(1) The Court **DENIES** as moot Plaintiff's Motion for Preliminary Injunctive Relief (Dkt. 139) as to the shipment of his property;

(2) The Court **ADOPTS** the Report and Recommendation (Dkt. 154) to the extent that Plaintiff has failed to show irreparable injury if he is not transferred. Plaintiff's Motion for Preliminary Injunctive Relief requesting a transfer is **DENIED**; and

(3) The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants and to the Hon. Karen L. Strombom.

DATED this 15th day of April, 2008.

ROBERT J. BRYAN
United States District Judge

ORDER - 3