UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

                Plaintiff,

    v.

CHERYL JOHNSON, *et al.*,

                Defendants.

Case No. C06-5561 RJB/KLS

ORDER DENYING MOTION
FOR RULE 11 SANCTIONS

Before the Court is Plaintiff Dennis Florer's motion for Rule 11 sanctions. Dkt. # 174. Mr. Florer argues that defense counsel should be sanctioned under Fed.R.Civ.P. 11 because he has made factual contentions in this matter without evidentiary support. Dkt. # 174. Defendants oppose the motion, and cross-motion for fees and costs under Rule Fed.R.Civ.P. 11(c)(2). Dkt. # 179. Having reviewed the parties' filings and balance of the record, the Court finds that both motions should be denied.

## DISCUSSION

The factual and procedural background of this case is set forth in detail in Plaintiff's motion to amend (Dkt. # 161) and Defendants' opposition to the motion to amend (Dkt. # 164) and will not be repeated here. Mr. Florer's motion for Rule 11 sanctions centers around the Defendants' argument that he should not be allowed to amend his complaint in this case because his claims were previously adjudicated in the Eastern District of Washington (the Eastern District case) and are, therefore, barred by res judicata.

Rule 11 authorizes sanctions for the filing of papers that are frivolous, intended to harass, or lacking in factual or legal support. *Warran v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994). Rule 11

sanctions may be imposed on pro se litigants. *Id*. Like attorneys, pro se litigants are held to an objective standard of reasonableness, although "what is objectively reasonable for a pro se litigant and for an attorney may not be the same." *Business Guides, Inc. v. Chromatic Commn's, Enter, Inc.*, 892, 811 (9th Cir. 1989). The court may take into consideration a litigant's pro se status in fashioning an appropriate sanction. *Id*.

The express goal of the rule is to deter frivolous litigation. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2202) ("One of the fundamental purposes of Rule 11 is to 'reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, ... [thereby] avoid[ing] delay and unnecessary expense in litigation.'") (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986)). To that end, Rule 11 provides, in relevant part:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> **(c) Sanctions.**
>
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed.R.Civ.P. 11(b) & (c)(1) &(2).

Rule 11 is an extraordinary remedy, one to be exercised with extreme caution. *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Mr. Florer argues that defense counsel's factual contentions in support of the argument that Mr. Florer's claims are barred by the doctrine of *res judicata* do not have evidentiary support in the record as required by Rule 11(b)(3). Specifically, Mr. Florer takes exception to the statements that a final judgment was issued as to the nutritional adequacy of the kosher diet and that Judge Shea found that he had not suffered a harm that would rise to the level of an Eighth Amendment violation. Dkt. # 165.

On September 10, 2008, Judge Shea dismissed Mr. Florer's case on Defendants' motion for judgment as a matter of law. Dkt. # 165, Exh. 1, Attachment A. Relevant portions of that ruling are as follows:

> [H]is real purpose is either to demonstrate that Ms. Benfield had the authority to change or alter the diet and the menu, and she did not. She could exchange within the days, as Ms. Bales has explained – and here Bales and Johnson are used interchangeably – and she did so. The evidence is that when she was aware of the issues, she addressed them appropriately and conducted herself consistent with her responsibilities to address inmate concerns of this kind. Here where a weight loss occurred, she saw it, appropriately prescribed a booster and other snacks, varying those snacks to accommodate Mr. Florer's responses, some discomfort with regard to the milk, some concerns about the soy product, the caloric intake to supplement, which on its face was at the very least a 2100 – approximately 2100-calorie diet, boosting him at least to a 24 and in some instances to 2700 calories with the booster product, convened a team meeting because of a concern about his severe weight loss and considered institutionalizing him, that is, putting him in a medical unit to deal with this weight loss issue if he went below a certain weight. That was consistent with her responsibilities.
>
> . . .
>
> As to the Eighth Amendment, she – she did all of the things she should have done. While, it's possible there could have been a harm had he gone below a certain weight, there was no substantial risk of that given her continued vigilance with regard to his weight loss and her efforts to correct those. She acknowledged that and was sensitive to it. She did not disregard it. Nothing she did caused the – caused Mr. Florer any harm whatsoever.
>
> The essence of Mr. Florer's issues are that there may – from his point of view, some of the foods were served in containers that made it inedible, and the other concern is that there may not have been enough caloric intake from his viewpoint or micronutrients that should have been contained in the diet. That's a case for another day in another location.

*Id*., Attachment B.

Based on the foregoing, Defendants argue that under the doctrine of *res judicata*, Mr. Florer is barred from raising a claim regarding the nutritional adequacy of the kosher diet, or any other claim he

could have raised in his Eastern District case. Dkt. # 179. In opposition that the doctrine does not apply, Mr. Florer provides excerpts from the trial transcript in the Eastern District case. Dkt. # 174, Attach. A. The trial transcript is not inconsistent with Judge Shea's comments in his ruling on the motion for judgment as a matter of law, in that he limited Mr. Florer's case on the nutritional adequacy of the kosher diet to what Ms. Benfield did and should have done based on the menu:

> If you're trying to prove the menu itself violated your rights, I don't know how you get a case against her, but your case is only against her. So I'm going to restrict you to your case against her, and then you and Ms. Johnson can have at it in the Western District.

Dkt. # 174, p. 19

Judge Shea also warned Mr. Florer that a ruling in the Eastern District case may or may not have a binding effect on his case here:

> If, in fact, I toss this case at the end of your case or at the end of their case, then the issue doesn't get – there may or may not be what's called a binding effect on your case in the Western District, because if I send it to the jury and ask them a specific question about was the diet nutritionally adequate and they say yes, then you're out here and there. So because – at least you could be. That's up to you. That's not – I'm not giving you a court ruling on that. A judge on the other side may disagree with me. He may find, no, there wasn't a similarity of parties, the issues weren't quite the same. ...

Dkt. # 174, pp. 18-19. (CM/ECF page numbering).

The Court finds that Mr. Florer has failed to show that defense counsel's contentions in the motion were not formed after an inquiry reasonable under the circumstances sufficient to warrant the imposition of Rule 11 sanctions. Nor does the Court find that the assertion by Defendants of the defense of res judicata to Mr. Florer's claims was frivolous or brought in bad faith.

Whether this Court finds that Mr. Florer's claims are barred by the doctrine of res judicata in part or in whole, does not warrant a finding that defense counsel's argument was presented for an improper purpose, was not based on factual evidence, or that his position was legally unreasonable. The Court has spent considerable time parsing through Mr. Florer's proposed amendments, the parties' additional briefings and the rulings in the Eastern District case to determine whether Mr. Florer's claims are barred by res judicata and whether he should be granted leave to file his proposed amended complaint.

Conversely, the Court does not find that Mr. Florer's motion for sanctions was brought for any improper purpose, to harass, cause unnecessary delay or to needlessly increase the costs of this litigation. Defendants suggest that Mr. Florer brought the motion in violation of the Court's order not to submit

additional briefing regarding the Defendant's motion for summary judgment. *See* Dkt. # 167. The Court does not view Mr. Florer's present motion as such, but rather considers that it was brought in a good faith dispute over how the doctrine of *res judicata* should be considered with regard to his motion to amend.

Accordingly, it is **ORDERED** that Mr. Florer's motion for sanctions (Dkt. # 174) and Defendants' requests for costs (Dkt. # 179) are **DENIED**. The Clerk shall send copies of this Oder to Plaintiff and counsel for Defendants.

DATED this  4th  day of May, 2009.

Karen L. Strombom
United States Magistrate Judge