UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

                 Plaintiff,

   v.

CHERYL JOHNSON-BALES, *et al.*,
                 Defendants.

No. C06-5561 RJB/KLS

ORDER DENYING MOTION FOR PRODUCTION OF DOCUMENTS

Before the Court are Plaintiff's motion for leave to file an overlength brief (in support of a motion to compel) and a motion to compel. Dkts. 195, 196. In his motion for leave to file an overlength brief, Plaintiff indicated that he would be filing a lengthy motion to compel in order to "compel answers regarding who the registered dietician is who is certifying Jackson's 2008 menus." Dkt. 195. Because his motion to compel was only thirteen pages long, Plaintiff now states that his motion to file an overlength brief is moot. Dkt. 196, p. 1. Therefore, Plaintiff's motion for leave to file an overlength brief (Dkt. 195) is moot and shall be dismissed on that basis. For the reasons explained herein, Plaintiff's motion to compel (Dkt. 196) shall be denied as Defendants responded to his discovery requests and identified the registered dietician.

ORDER - 1

**Background and Facts**

On May 5, 2009, the court granted Plaintiff leave to file an amended complaint against Defendants Cheryl Johnson Bales, Jay Jackson and the "Registered Dietician Identified in Grievance Log No. 0823868." Dkt. 187. Plaintiff filed his Third Amended Complaint on June 1, 2009. Dkt. 190. In its Order Regarding Plaintiff's Third Amended Complaint, the court reminded Mr. Florer that he was granted leave to amend his complaint to include allegations only as to Defendants Bales, Jackson and "Registered Dietician Identified in Grievance Log No. 0823868," and ordered that any claims asserted against anyone other than these three individuals are stricken, that this lawsuit shall proceed against Defendants Johnson Bales and Jackson only, and that when the "registered dietician identified in Grievance Log No. 0823868" is discovered, the complaint may be amended to reflect that defendant's name. Dkt. 193.

In his motion to compel, Plaintiff complains that Defendants have failed to provide him with the name of the registered dietician who has "certified" as nationally adequate the 2008 kosher, Passover and fast sack menus. Dkt. 196, p. 6. Although Defendants answered his queries and identified Diane Benfield as the person providing "nutritional approval," Plaintiff complains that the Defendants have failed to disclose the Food Program Officer RD who has certified the 2008 Kosher and passover menu with an RD signature." *Id.* Mr. Florer alleges that Defendant Jackson has made inconsistent statements regarding who provides nutritional approval for all Department of Corrections (DOC) menus. *Id.*, p. 5.

Defendants respond that Mr. Florer has confused the facts and discovery in this case with the facts and discovery in a previous case, where Defendant Jackson stated in his February 7, 2007 deposition, in response to the question "Who holds the registered dietician's position for the state of Washington right now, uh, referring to it to clarify as when you took over this job

ORDER - 2

your position was required to fulfill the food [inaudible] and registered dietician and since you're not a registered dietician, who now holds that position?" Dkt. 197, Exh. 1, Attach. E (Excerpts from Transcript of Deposition of Jay Jackson). Mr. Jackson responded : "Currently we've employed Ann Lachney as a dietician for the food program. Uh, at this point we are still looking at how to fully address a statewide dietician." *Id*.

In the discovery responses submitted to Plaintiff on July 17, 2009, which asked for the identity of the dietician who reviewed menus in 2008 and who does so currently, Defendant Jackson responded that Diane Benfield provides the nutritional approval for all DOC menus and did so in 2008. *Id.*, Exh. 1, Attach. A at 6. Thus, Defendants argue, there is no inconsistency as Plaintiff suggests. The answer to the question simply changed between 2007 and 2009. Defendant Jackson also argues that he has appropriately answered Interrogatories five through eight from Plaintiff's "Discovery Request No. 9 To Defendant J. Jackson Interrogatory 1 – 8."

In those interrogatories, Plaintiff asked Mr. Jackson to identify the registered dietician who, as to the 2008 kosher menu, 2008 passover menu and 2008 fast sack menu, (1) certified the menus as nutritionally adequate, (2) certified the menus as nutritionally adequate based on current scientific principles, (3) certified as nutritionally adequate the 2008 mainline menu, and (4) certified as nutritionally adequate based on current scientific principles the 2008 mainline menu. Dkt. 197, Exh. 1, Attach. A, at 6, 7. Defendant Jackson responded that Diane Benfield provides the nutritionally approval for all the menus. *Id*.

During a discovery conference on August 27, 2009, Defendants' counsel states that she informed Plaintiff that he simply needed to inform the court that he has identified the registered dietician in question and amend his complaint, that there is no fast sack menu, that after Ms. Benfield has been named, Plaintiff may depose her as a matter of right, and that defense counsel

ORDER - 3

will assist him in arranging dates and times for the depositions. Dkt. 197, p. 6; Dkt. 197, Exh. 1, Attach. F.

Mr. Florer replies that there has been no explanation for Defendant Jackson's statements being inconsistent, and that he has still not obtained the identity of the "Registered Dietician Identified in Grievance Log No. 0823868," because Ms. Benfield previously testified in September 2008 (in the Eastern District case) that she reviews "some menus occasionally, but that's normally done by the food program manager now." Dkt. 196, Attach. G, p. 381. However, as an alternative to the relief sought in his motion to compel, Mr. Florer states that, since Ms. Benfield is already named in his complaint, there is no need to amend his complaint and asks that Defendants respond to his "Discovery Request No. 21 to Benfield 25 Interrogatories dated 9-17-09." Dkt. 199, p. 6.

## II. DISCUSSION

Generally, discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Therefore, a discovery request directed at discovering a matter which is not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Federal Rule of Civil Procedure 26(b)(1). See *id*. Consistent with this rule, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. See *id*. at 351. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. See *id*.

ORDER - 4

Mr. Florer was granted leave to amend his complaint to bring claims against Defendants Jay Jackson, Cheryl Johnson and the "registered dietician identified in Grievance Log No. 0823868." Dkt. 193. In the discovery responses submitted to Plaintiff on July 17, 2009, which asked for the identity of the dietician who reviewed menus in 2008 and who does so currently, Defendant Jackson responded that Diane Benfield provides the nutritional approval for all DOC menus and did so in 2008. *Id.*, Exh. 1, Attach. A at 6. More importantly, Defendants state that Diane Benfield is the appropriate person to substitute as the "registered dietician identified in Grievance Log No. 0823868." Dkt. 197, p. 5, Exh. 1, Attach. D. In light of this statement and assurance, the court will substitute Diane Benfield for the currently named "registered dietician identified in Grievance Log No. 0823868."

The court finds Plaintiff's remaining arguments to be without merit. Defendants have provided him with the discovery he seeks, i.e., the identity of the dietician identified in his grievance. Any issues of discrepancies as to her duties and/or her involvement in the grievance at issue may be addressed in discovery addressed to Ms. Benfield. Once Ms. Benfield has been substituted as a defendant in this matter, Plaintiff must provide the court with a service copy of his Third Amended Complaint and a completed service form so that the Court may direct the U.S. Marshal to serve Plaintiff's Third Amended Complaint on Ms. Benfield. After Ms. Benfield has been served and entered an appearance in this matter, Plaintiff may serve her with written discovery and consult with defense counsel in the scheduling of her deposition. The court notes that the discovery deadline in this case is presently set for November 7, 2009. Dkt. 192. No extensions of the deadline shall be made at this time. After service of Ms. Benfield has been secured, Plaintiff may request an extension based on the specific discovery he may need to seek from Ms. Benfield.

ORDER - 5

Accordingly, it is **ORDERED**:

1) Plaintiff's Motion to file Overlength Brief (Dkt. 195) is **DENIED as moot**.

2) Plaintiff's Motion to Compel (Dkt. 196) is **DENIED**.

3) Diane Benfield is substituted as a defendant in place of the currently named "registered dietician identified in Grievance Log No. 0823868," in this case and the Clerk of the Court is directed to so indicate on the case docket.

4) Plaintiff shall provide the Court with a service copy of the Third Amended Complaint and a completed service form for service of the Third Amended Complaint on Defendant Benfield. These documents shall be provided to the Court by **November 13, 2009**. The Clerk of the Court shall send Plaintiff the appropriate service form, along with a copy of this Order.

5) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this __20th__ day of October, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6