UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

                              Plaintiff,

        v.

CHERYL JOHNSON-BALES, *et al.*,

                              Defendants.

No. C06-5561 RJB/KLS

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
REQUEST NO. 2, EXCEPT AS TO PAPER
COPIES OF DISK PRODUCTION

Before the court is Plaintiff's Motion to Compel Discovery Request No. 2. Dkt. 216.
Defendants oppose the motion, stating that they have responded to these requests. Dkt. 244.
Plaintiff filed a reply. Dkt. 255. Having carefully reviewed the motion and balance of the
record, the court finds that the motion should be denied, except that Defendants should provide
paper copies of the documents previously produced on disk in response to request for production
No. 15.

**DISCUSSION**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain
discovery of relevant information. Relevant information is defined as information that is
"reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).
The Court may deny relevant discovery, however, if the "burden or expense of the proposed
discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). After careful review of the

ORDER - 1

discovery requests, the objections stated, and argument of the parties, the Court finds that the motion to compel should be granted in part and denied in part.

On December 21, 2007, Defendants received from Plaintiff a discovery request entitled "Food Prog. Mgr./Registered Dietitian Cheryl Johnson Discv.#2 FRCP Rule 34 No. 13-22." Dkt. 244, Exh. 1, ¶ 2. On January 22, 2008, Defendant Bales served Plaintiff with her responses and objections to this request. *Id.*; Exh. 1, Attach. A. On February 22, 2008, Defendant Bales served Plaintiff with her supplemental responses to this request, producing the following responsive documents: DEFS 953 – DEFS 10482. *Id.*, Exh. 1, Attach. B. On March 7, 2008, the parties participated in a discovery conference wherein Plaintiff raised several issues regarding the documents produced. *Id.*, Exh. 1, ¶ 4. At that time, the parties were unable to resolve Plaintiff's issues as Plaintiff refused to provide the document numbers and specific requests with which he had issues. *Id.* Plaintiff informed Defendants during the conference that he would compel these issues. *Id.*, Exh. 1, Attach. C.

On or about July 20, 2009, Defendants received a letter from Plaintiff claiming that Defendants had failed to respond to requests for production numbers 13 and 14 from Discovery Request No. 2. Dkt. 244, Exh. 1, Attach. D. On August 10, 2009, Defendants sent Plaintiff a letter informing him that they disagreed with his statement and a supplemental pleading with responsive documents had been mailed to Plaintiff on February 22, 2008. *Id.*, Attach. E. Defendants' counsel informed Plaintiff that if he did not receive the supplemental pleading to let her know and she would resend it. Defendants' counsel further informed Plaintiff that if he was claiming the documents produced were non-responsive to also let her know and she would arrange a discovery conference. *Id.*

ORDER - 2

On August 14, 2009, Defendants received a letter from Plaintiff requesting a telephonic conference.  *Id.*, Exh. 1, Attach. F.  The parties conferred again regarding this discovery request on August 27, 2009.   Dkt. 244, Exh. 1.  During this conference Defendants agreed to ask the Washington Corrections Center, Stafford Creek Corrections Center, and Clallam Bay Corrections Center for any existing nutritional facts panels (labels) from food used on the Kosher diet in 2005 through 2009.  *Id.*, Exh. 1, Attach. G.

On September 29, 2009, Defendant Bales served Plaintiff with her second supplemental responses to this request, producing the following responsive documents: DEFS 10870 – DEFS 10901.  *Id.*, Exh. 1, Attach. H.

On October 1, 2009, the parties again conferred.  During this teleconference Plaintiff specifically requested the nutrition facts panel from the bread, lunchmeat, fruit, and vegetables used on the Kosher diet.  Defendants agreed to look into the matter.  *Id.*, Exh. 1, ¶ 10.  On October 19, 2009, Defendant Bales served Plaintiff with her third supplemental responses to this request, producing the following responsive documents: DEFS 11163 – 11164, DEFS 11495 – DEFS 12348.  The supplemental response as well as the supplemental documents produced dealt specifically with the bread, lunchmeat, fruit, and vegetables as requested by Plaintiff during the discovery conference.  *Id.*, Exh. 1, Attach. I.

On October 28, 2009, Defendant Bales served Plaintiff with her fourth supplemental responses to this request.  *Id.*, Exh. 1, Attach. J.  On October 30, 2009, Defendant Bales served Plaintiff with her fifth supplemental responses to this request, producing the following responsive documents: DEFS 12349 – DEFS 12856.  These documents were produced on disk per Plaintiff's request.  *Id.*, Exh. 1, Attach. K.  On October 27, 2009, Defendants received another letter from Plaintiff regarding Discovery Request No. 2.  *Id.*, Exh. 1, Attachment L.

ORDER - 3

Defendants responded to this letter on November 3, 2009, stating that Mr. Florer had received all documents currently in the possession of Defendants responsive of his requests. *Id.*, Exh. 1, Attach. M.

**A.    Request for Production Nos. 13 and 14.**

Plaintiff's Request for Production Number 13, which was submitted to Defendant Bales in "Food Prog. Mgr./Registered Dietitian Cheryl Johnson Discv.#2 FRCP Rule 34 No. 13-22," requested the following:

> From Dec. 1st 2004 thru current at WCC n SCCC n CBCC of the ingredients directly from the packaging of all food products per the kosher and mainline menus.

Exhibit 1, Attachment A, at 1.

Plaintiff's Request for Production Number 14, which was submitted to Defendant Bales in "Food Prog. Mgr./Registered Dietitian Cheryl Johnson Discv.#2 FRCP Rule 34 No. 13-22," requested the following:

> From Dec. 1st 2004 thru current at WCC, SCCC, CBCC the Nutrition Facts Panels from directly the packaging of all food products per the kosher and mainline menus.

Exhibit 1, Attachment A, at 2.

Defendant Bales responded to both of these requests, stating:

> Without waiving the above objections, any responsive documents will be produced on or before February 22, 2008.

*Id.* at 1-2.

In Defendant Bales's supplemental response to these two requests, she stated the following:

> Without waiving the above objections, see documents produced at DEFS 953 – DEFS 1726.

ORDER - 4

*Id.*, Exh. 1, Attach. B, at 2.   The documents produced to Plaintiff in response to these requests were all of the available food labels for food served on the mainline menu.  The food labels contain both the ingredients and nutrition facts panel if available. Defendant Bales later provided a second supplemental response stating the following:

> Without waiving the above objections, see documents produced at DEFS 10870 – DEFS 10901.

*Id.*, Exh. 1, Attach. H, at 2.

According to Defendants, the documents produced to Plaintiff in this second supplemental response were current Kosher food labels and the food labels produced contain both the ingredients and nutrition facts panel, if available.  Dkt. 244, p. 5.  Defendants informed Plaintiff in letters dated September 18, 2009, and November 3, 2009, that the Kosher food labels from 2004 were produced to him in a previous lawsuit and the Department of Corrections does not maintain past food labels; therefore, Defendants could only provide him with copies of labels for food currently being served on the Kosher and mainline menus.  *Id.*, Exh. 1, Attachs. G and M.

In a third supplemental response to both requests Plaintiff was provided the following documents and information per his request:

> Without waiving the above objections, as to the lunch meat, see documents previously produced at DEFS 10877 – DEFS 10878 & DEFS 10900; as to the bread, see document produced at DEFS 11162; and as to the fruits and vegetables, there are no responsive documents. See also documents produced at DEFS 11163 – DEFS 11164.

Dkt. 244, Exh. 1, Attach. I.

Defendants maintain that they have produced all food labels available for both the Kosher menu and mainline menu and as it is not the business practice of the Department of Corrections to maintain photocopies of food labels, food labels from 2004, 2005, 2006, 2007, and 2008 are no longer available, with the exception of the 2004 labels produced to Plaintiff in a previous lawsuit. Dkt. 244, p. 5.

ORDER - 5

Plaintiff now requests the Defendants to "identify which NFP and ingredients, thus far disclosed, were used in the development of the 2004, 2006, n 2008 K n M menus and which NFP's n ingredients, thus far disclosed, support the 2004, 2006, n 2008 K n M demonstrative aid entire hearsay document MNAR's." Dkt. 216, p. 5. Plaintiff's request for production Nos. 13 and 14 asked that the Defendants produce the relevant documents for a five year period; he did not ask Defendants to identify with which specific menu each document was used. Dkt. 244, Exh. 1, Attach. A, at 1-2.

Plaintiff also claims that he did not receive a copy DEFS 11162. Dkt. 216, p. 4. Defendants re-sent that document to Plaintiff on January 12, 2010. *Id.*

According to Defendants, they have produced all responsive documents and/or the additional documents sought by Plaintiff do not exist. Thus, Defendants Bales has fully responded to Plaintiff's request for production of documents Nos. 13 and 14. Plaintiff's request that the Defendants now "match" the ingredients to the menus is a new interrogatory. The court will not compel a party to respond to a question that was not previously asked.

Accordingly, Plaintiff's motion to compel responses to request for production Nos. 13 and 14 is **DENIED.**

**B.      Request For Production Number 15**

Plaintiff's Request for Production Number 15, which was submitted to Defendant Bales in "Food Prog. Mgr./Registered Dietitian Cheryl Johnson Discv.#2 FRCP Rule 34 No. 13-22," requested the following:

> From Dec. 1st 2004 thru current at WCC, SCCC, CBCC the Daily production sheets of all food products per the Kosher and mainline menus.

Dkt. 244, Exh. 1, Attach. A, at 2. Defendant Bales responded to this request, stating:

> Without waiving the above objections, any responsive documents will be produced on or before February 22, 2008.

*Id.* Defendant Bales also later provided a supplemental response to Plaintiff's request, stating:

ORDER - 6

Without waiving the above objections, see documents produced at DEFS 1727 – DEFS 7511.

*Id.*, Exh. 1, Attach. B, at 2.

The documents produced to Plaintiff in response to this request were the 2005 – 2008 daily production sheets from Correctional Industries, a primary vendor used by the Department of Corrections for food. Dkt. 244, p. 6. Defendant Bales later provided a third supplemental response stating the following:

Without waiving the above objections, as to WCC there are no responsive documents for the relevant time period; as for CBCC there are no responsive documents for the relevant time period; and as for SCCC, see documents produced on disk at DEFS 11495 – DEFS 12348.

*Id.*, Exh. 1, Attach. I, at 3. Defendants later provided a fifth supplemental response stating the following:

Without waiving the above objections, see documents produced on disk at DEFS 12349 – DEFS 12856. These documents are the only production sheets still obtainable from SCCC for the 2005 – 2006 time period.

*Id.*, Exh. 1, Attach. K, at 2.

In his motion, Plaintiff acknowledges that Defendants have supplemented their responses to this request by sending the information on a disk, at his request. Dkt. 216, p. 8. However, Plaintiff states that the mailing, received by a Mr. Jacobson at WCC, was lost and he needs to view the disk so that he can then select specific pages to be used in paper copy in litigation. *Id.*

In her letter to Plaintiff dated November 3, 2009, counsel for Defendants offered to provide Plaintiff with copies of all documents produced on the disk. Dkt. 244-2, p. 72. Plaintiff provides no explanation for why such a resolution is unsatisfactory.

Accordingly, as Plaintiff is claiming that he never received the disk due to an error in the facility's mailroom, Defendants should provide paper copies of the documents previously produced on the disk.

ORDER - 7

**C.      Request for Production No. 16**

Plaintiff's Request for Production Number 16, which was submitted to Defendant Bales in

"Food Prog. Mgr./Registered Dietitian Cheryl Johnson Discv.#2 FRCP Rule 34 No. 13-22,"

requested the following:

> From Dec. 1st 2004 thru current at WCC, SCCC, CBCC the purchase invoices of all
> vendors of all food products per the kosher and mainline menus.

Dkt. 244, Exh. 1, Attach. A, at 2. Defendant Bales responded to this request, stating:

> Without waiving the above objections, any responsive documents will be produced
> on or before February 22, 2008.

*Id.* at 3. Defendant Bales also later provided a supplemental response to Plaintiff's request, stating:

> Without waiving the above objections, see documents produced at DEFS 7512 –
> DEFS 10482.

Exhibit 1, Attachment B, at 3. The documents produced to Plaintiff in response to this request were

the invoices from Correctional Industries, a primary vendor used by the Department of Corrections,

from 2004 through 2008. Defendants later provided a fourth supplemental response stating the

following:

> Without waiving the above objections, the gathering of these documents is too
> burdensome due to how invoices are maintained. The Department of Corrections does
> not use separate invoices for the purchase of food; therefore, to produce the specific
> invoices responsive to this request would require a hand search and review of every
> single invoice for the past five years. Additionally, invoices are not maintained at a
> single location; therefore, to produce the specific invoices responsive to this request
> would require multiple staff to conduct multiple searches at multiple locations.
> Finally, invoices older than two years have been archived, pursuant to the Secretary
> of State's retention schedule, and have been archived with other records; therefore, to
> produce the specific invoices responsive to this request would require requesting
> from archives as many as 600 or more boxes and hand searching and reviewing all
> documents contained therein. As a result of the burdensome nature of this request,
> and in light of the above objections, no further responsive documents will be
> produced.

ORDER - 8

Dkt. 244, Exh. 1, Attach. J, at 2.  In addition, Defendants have already provided Plaintiff with almost 3,000 pages of responsive documents from the vendor used most frequently by the Department of Corrections.  Dkt. 244, p. 9.

Plaintiff claims that he needs these invoices to show Defendants know their Kosher and mainline menus, as well as their "MNARs, serving of the menu items and DRI's of the menu items are inaccurate because they know their menus, as well as their MNARs, do not provide the products listed."  Dkt. 216, p. 9.  It appears that Plaintiff is trying to prove that the Defendants are not purchasing the food that is listed on the menu.  Defendants argue that if this is what Plaintiff is attempting to prove, he need merely match up the food labels with the menus as he has already been provided with all food labels in their possession and almost 3,000 pages of invoices from the primary vendor used by the Department of Corrections.  Dkt. 244, p. 9.

Plaintiff's claim in this case is that the menus are nutritionally inadequate.  The connection between the invoices requested and this claim is tenuous at best.  As noted by Defendants, the invoices themselves do not make this allegation more or less probable.  ER 401.  That does not, however, make them undiscoverable.  However, the court may limit discovery when such discovery causes undue burden or cost.   Even if information requested by a party is relevant, the Court may deny discovery if the "***burden or expense*** of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii) (emphasis added).  In determining the likely benefit the Court may consider "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  *Id.*

According to Diane Doonan, the Assistant Regional Business Manager for the Department of Corrections, producing all invoices from 2004 to the present for all food purchased for the Kosher and mainline menus for Stafford Creek Corrections Center,

ORDER - 9

Washington Corrections Center, and Clallam Bay Corrections Center will be a very burdensome task as invoices received by the DOC are not filed by menu type or food. Dkt. 244-2, p. 77. Thus, every invoice since 2004 will have to be pulled in order to determine if it contained food items. *Id.* The three institutions in question purchase food and put it into consumable inventory and therefore, every single transaction for the purchase of inventory will need to be reviewed to determine if it was for food. *Id.*, p. 78. In addition, records prior to 2009 were maintained by regional offices until July 2009, when the DOC created one accounts payable for all facilities. *Id.* Therefore, records prior to this consolidation will have to be retrieved from different locations. *Id.* For example, documents relating to Clallam Bay Corrections Center would be in archives, or at Monroe (the regional business processing center) or at Headquarters. *Id.*

Ms. Doonan estimates that approximately 600 or more boxes will need to be retrieved from archives and each box will need to be hand searched for invoices. *Id.* Each transaction on every invoice will then need to be reviewed to find food items. *Id.* She estimates that dedicating one person full-time to such a task could easily take several weeks, if not months. *Id.*

The value of the requested documents in helping Plaintiff to prove his claim that the menus are not nutritional is questionable. In addition, the request places considerable time and expense burdens on the Defendants. Accordingly, the court finds that Plaintiff's motion to compel request for production No. 16 is denied.

Accordingly, it is **ORDERED**:

1)    Plaintiff's motion to compel (Dkt. 216) is **DENIED, except** that Defendants shall provide to Plaintiff **on or before March 5, 2010,** paper copies of the documents previously produced on disk in response to request for production No. 15.

ORDER - 10

2)      The  Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this <u>16</u><sup>th</sup> day of February, 2010.


Karen L. Strombom
United States Magistrate Judge

ORDER - 11