# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DENNIS FLORER,

        Plaintiff,

v.

CHERYL JOHNSON-BALES, *et al.*,

        Defendants.

No. C06-5561 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY REQUEST NO. 11

Before the court is Plaintiff's Motion to Compel Discovery Request No. 11. Dkt. 219. Defendants oppose the motion, arguing that they have fully answered the discovery. Dkt. 242. Plaintiff filed a reply. Dkt. 256.

## DISCUSSION

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). After careful review of the discovery requests, the objections stated, and argument of the parties, the Court finds that the motion to compel should be denied.

ORDER - 1

On July 20, 2009, Defendants received from Plaintiff a discovery request entitled "Discovery Request No. 11 to Dfts Johnson-Bales Request for Production." Dkt. 242, Exh. 1, ¶ 2. On August 6, 2009, Defendant Bales served Plaintiff with her responses, objections and responsive documents: DEFS 10557 through DEFS 10671. *Id.*; Exh. 1, Attach. A. On October 1, 2009, the parties participated in a discovery conference wherein Defendants agreed to look into information regarding request for production number one. *Id.*, p. 1. During this conference, Plaintiff was also informed that Defendants would be standing on their objections as to requests for production numbers two and seven. *Id.*

Additionally, Plaintiff was informed that no documents existed in response to requests for production numbers three through five. Dkt. 242, Exh. 1, ¶ 3. On October 2, 2009, Defendant Bales served Plaintiff supplemental responses to Discovery Request No. 11, specifically supplementing the responses to requests for production numbers one, three, four, five, and six. No further documents were produced. *Id.*, Exh. 1, Attach. B.

On October 27, 2009, Defendants' counsel received a letter from Plaintiff regarding this discovery request, as well as many others. *Id.*, Exh. 1, Attach. C. Defendants reiterated their previous position regarding their responses to this discovery request. *Id.*, Exh. 1, Attach. D.

**A.     Plaintiff's Request for Production No. 1**

In this request, Plaintiff seeks a "menu template report for the 2004 K n Passover menus." Dkt. 219, p. 3. Plaintiff states that Defendants provided copies of the 2004 kosher and Passover menus, but did not produce a template. *Id.*

Plaintiff's Request for Production Number 1, which was submitted to Defendant Bales in "Discovery Request No. 11 to Defendant Johnson-Bales Request for Production," requested the following:

ORDER - 2

> Produce the menu's, menu Template Nutrient Analysis, and Menu Template Report of the 2004 kosher menu, the 2004 Passover menu, and the 2004 fast sack menu.

Dkt. 242, Exh. 1, Attach. A, at 1. Defendant Bales responded to this request, stating:

> Without waiving the above objections, see documents produced at DEFS 10557 – DEFS 10560.

*Id.* In Defendant Bales's supplemental response, she stated the following:

> Without waiving the above objections, there are no further responsive documents as a nutrient analysis was not performed on the 2004 Kosher menu. Additionally, the document entitled "Menu Template Nutrient Analysis" that was included with Ann Lachney's expert report is not part of the Menu Nutrient Analysis Report, but instead a separate document. The template was something available in the database used by Ann Lachney at the time of writing her report and is not available in the database used by DOC. However, the last page of each Menu Nutrient Analysis Report provides similar information to that contained in the document entitled "Menu Template Nutrient Analysis."

Dkt. 242, Exh. 1, Attach. B, at 2. The documents produced to Plaintiff in response to this request were the 2004 Kosher menu and the 2004 Passover menu. Dkt. 242, p. 3. Plaintiff claims in his motion that a menu template report for the 2004 Kosher and Passover menus was not provided. Dkt. 219, p. 3. Defendant Bales concedes that this is correct. Dkt. 242, p. 3. However, Defendant Bales informed Plaintiff in her supplemental response that no further responsive documents existed as the analysis he was seeking was not done on the 2004 Kosher menu. Dkt. 242, Exh. 1, Attach. B, at 2. According to Defendant Jackson, this is also true for the 2004 Passover menu. *Id.*, Exh. 2, ¶ 2.

It appears that Defendant Bales has produced all documents responsive to Plaintiff's request and/or advised him that the additional documents Plaintiff is seeking do not exist. Accordingly, Plaintiff's motion to compel request for production No. 1 is denied.

**B.      Request for Production No. 2**

ORDER - 3

Plaintiff's Request for Production Number 2, which was submitted to Defendant Bales in "Discovery Request No. 11 to Defendant Johnson-Bales Request for Production," requested the following:

> As to the Request for Production No. 1 above, produce a hard copy of the data along with the underlying sourses [sic], including a hard copy of the computer programs that were used to perform the menu Template Nutrient Analysis and menu Template Report on the 2004 kosher menu, the 2004 Passover menu, and the 2004 fast sack menu.

Dkt. 242, Exh. 1, Attach. A, at 2. Defendant Bales objected to this request, stating:

> This request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request seeks documents and items that are irrelevant to the claims in Plaintiff's complaint. Additionally, this request assumes facts not in evidence as there is no "fast sack" menu. Furthermore, this request is compound and seeks items that are not in Defendant's care, control, or custody. Finally, this request is vague and confusing as to the terms "data" and "template" and confusing as to what documents are being sought.

*Id.*

In Plaintiff's October 27, 2009 letter to Defendants he did not attempt to clarify this request, but instead again requested "a hard copy of the date n underlying sources." Dkt. 242, Exh. 1, Attach. C. On November 3, 2009, Defendants responded to this letter informing Plaintiff that they would be standing on their objections. *Id.*, Exh. 1, Attach. D.

In his instant motion, Plaintiff again states that he is seeking "a hard copy of the data along with the underlying sources, including a hard copy of the computer programs that would be used to perform a menu template report of the 2004 K n Passover menus." Dkt. 219, pp. 3-4.

Defendants argue that the information sought by Plaintiff is unidentifiable and no relevant. Dkt. 242, p. 4.

According to Defendants, Plaintiff was already provided with all information regarding the "underlying data" for the nutrient analysis in response to his "Discovery Request No. 15 Suplement [Sic] To No. 9 To Dfts J. Jackson Interrogatory And Request For Production." In

ORDER - 4

Plaintiff's interrogatory/request for production number 10 in his Discovery Request 15, he asked the following:

> You used the term "data" "entry", what is this "data" the teenager "entered" or did not enter or altered and who verified the teenagers "data entry"? Produce the "data" prior to "entry" by the high school intern, as to the 2008 kosher, Passover, fast sack, and mainline menus, including any updates.

Exhibit 1, Attachment E, Defendants' Responses to Plaintiff's Discovery Request 15. Defendant Jackson responded to this request, stating:

> Without waiving the above objections, the data entered by the "teenager" consisted of recipes, products, and portion size for menu items. The final product is the nutritional analysis for each menu. See documents previously produced at DEFS 953 – DEFS 1726; DEFS 10483 – DEFS 10556; and DEFS 10870 – DEFS 10901.

*Id.* Defendant Jackson also later provided a supplemental response to Plaintiff's request, stating:

> Without waiving the above objections, Defendant Jackson verified the data entered by the "teenager" with final approval from Diane Benfield. Most of the recipes used by DOC are already in Computrition. If a recipe needs to be changed in some way, this is done electronically in Computrition and the new recipe is saved over the old recipe. On rare occasions a recipe needed was not in Computrition. In those circumstances, Defendant Jackson would either use a military recipe or create the recipe from scratch working with one of the Food Managers. Once the recipe was created, the information was inputted into Computrition. There are no documents for these created recipes as after the handwritten notes were inputted into Computrition they were discarded. Defendant Jackson was able to locate some recipes from 2008, however these recipes were printed directly from Computrition and were not ones entered by the "teenager." See documents produced at DEFS 12857 – DEFS 13314.

Exhibit 1, Attachment F, Defendants' Supplemental Responses to Plaintiff's Discovery Request 15.

Although Plaintiff continues to ask for a "hard copy of the data along with underlying sources," Dkt. 219, pp. 3-4, he does not identify the specific documents he seeks. Plaintiff asks for the "data" used in the nutrient analysis, but according to Defendants, Plaintiff has already been provided a complete answer as to the source data and was given copies of the existing data

ORDER - 5

still in the possession of Defendant Jackson. Dkt. 242, Exh. 1, Attachs. E-F. Plaintiff also seeks a hard copy of the computer program used to run the menu analyses. Dkt. 219, Exh. 1, Attach. A; Dkt. 256, p. 3. However, as indicated in the supplemental response to request for production number one, a nutrient analysis was not performed on the menus identified in this particular request (2004 Kosher and Passover). *Id.*, Exh. 1, Attach. B. Therefore, Defendants argue that the computer program sought by Plaintiff is irrelevant. Further, because the Department does not own the software but has merely purchased a license to use the copyrighted software (Dkt. 242, Exh. 2, ¶ 3), it would be a violation of federal copyright law for Defendant to provide Plaintiff with a copy of the computer program. 17 U.S.C. §§ 102, 103, 106, 301; RCW 42.56.270. Defendant also argue that the computer program itself is not relevant to Plaintiff's claims. The court agrees.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff's request for the software program is not relevant to his claims in this case as the software itself not tend to make any fact more or less likely true, i.e., the nutritional value of the menus themselves.

As it appears that Defendant Bales has properly responded to this request and Plaintiff already received all information regarding the "underlying data" for the nutrient analysis in response to his "Discovery Request No. 15 Suplement [Sic] To No. 9 To Dfts J. Jackson Interrogatory And Request For Production", his motion to compel request for production No. 2 is denied.

ORDER - 6

C.  **Request for Production No. 7**

Plaintiff's request for production number seven, which was submitted to Defendant Bales in "Discovery Request No. 11 to Defendant Johnson-Bales Request for Production," requested the following:

> As to requests for production No. 3-6 above, Produce a hard copy of the data along with the underlying sources, including a hard copy of the computer programs.

Dkt. 242, Exh. 1, Attach. A, at 3. Defendant Bales objected to this request, stating:

> This request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request seeks documents and items that are irrelevant to the claims in Plaintiff's complaint. Additionally, this request assumes facts not in evidence as there is no "fast sack" menu. Furthermore, this request is compound and seeks items that are not in Defendant's care, control, or custody. Finally, this request is vague and confusing as to the term "data" and confusing as to what documents are being sought.

*Id.* at 3 – 4.

This request is identical to request for production No. 2 discussed above. In his motion, Plaintiff states that he is seeking "the same info objective source of evidence as RFP No. 2 above as to the 2006 K n Passover menus." Dkt. 219, p. 4. As noted above as to request for production No. 2, Plaintiff has been provided with a complete answer as to the source of the data and was given copies of the existing data still in the possession of Defendant Jackson. Dkt. 242, Exh. 1, Attachs. E-F. Defendants also responded that there is no "fast sack" menu. In addition, Defendants are not at liberty to provide the computer program used to run the menu analyses as they do not own it. Moreover, as noted above, the court finds that the software itself is not relevant to the claims made by Plaintiff. Thus, the motion to compel as to Request for Production No. 7 is denied.

ORDER - 7

**D.      Request for Production No. 5**

Plaintiff's request for production number five, which was submitted to Defendant Bales in "Discovery Request No. 11 to Defendant Johnson-Bales Request for Production," requested the following:

> Produce the menu, menu Template Nutrient Analysis, and menu Template Report on the 2006 Passover menu.

Dkt. 242, Exh. 1, Attach. A, at 3. Defendant Bales responded to this request, stating:

> Without waiving the above objections, see document produced at DEFS 10601.

*Id.* In Defendant Bales supplemental response, she stated the following:

> Without waiving the above objections, there are no further responsive documents. The document entitled "Menu Template Nutrient Analysis" that was included with Ann Lachney's expert report is not part of the Menu Nutrient Analysis Report, but instead a separate document. The template was something available in the database used by Ann Lachney at the time of writing her report and is not available in the database used by DOC. However, the last page of each Menu Nutrient Analysis Report provides similar information to that contained in the document entitled "Menu Template Nutrient Analysis."

*Id.* The document produced to Plaintiff in response to this request is the 2006 Passover menu. Dkt. 242, Exh. 1, Attach. G.

In his motion to compel, Plaintiff states that he is seeking "the serving amounts of the food items listed on p. 10601 the 2006 passover menu. What good is a menu in this case that does not list the serving amounts of the food items? Dkt. 219, p. 5.

In this request, Plaintiff requested that Defendant Bales produce a copy of the 2006 Passover menu. She did so. Plaintiff now seeks the serving amounts of the food items listed on the 2006 Passover menu. According to Defendants, they have produced the menu and it does not contain such information.

ORDER - 8

Defendants are required to produce documents in their possession. They are not obligated to create a new document containing the information sought by Plaintiff. Plaintiff's dissatisfaction with the response to his query is not grounds for a motion to compel. Accordingly, the motion to compel as to request for production No. 5 is denied.

Accordingly, it is **ORDERED**:

1) Plaintiff's motion to compel (Dkt. 219) is **DENIED in its entirety**.

2) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 16th day of February, 2010.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 9