UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

                Plaintiff,

  v.

CHERYL JOHNSON-BALES, *et al.*,

                Defendants.

No. C06-5561 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY REQUEST NO. 12

Before the court is Plaintiff's Motion to Compel Discovery Request No. 12, relating to requests for admissions directed to Defendant Bales. Dkt. 220. Defendants oppose the motion, arguing that they have fully answered the discovery. Dkt. 240. Plaintiff filed a reply. Dkt. 253.

**DISCUSSION**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). After careful review of the discovery requests, the objections stated, and argument of the parties, the Court finds that the motion to compel should be denied.

ORDER - 1

Pursuant to Fed. R. Civ. P. 36, a party's answer to a request for admission must specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualified or deny the remainder. Fed. R. Civ. P. 36. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to either admit or deny. *Id.*

Thus, Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts. *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1982). Reasonable inquiry includes an investigation and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties.... The operative words then are "reasonable" and "due diligence." *Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y.2003) (citations omitted); *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y.1997); *Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y.1992).

On July 20, 2009, Defendants received from Plaintiff a discovery request entitled "Discovery Request No. 12 To Defendant Johnson-Bales Request For Admissions." Dkt. 240, Exh. 1, ¶ 2. On August 6, 2009, Defendant Bales served Plaintiff with her responses and

ORDER - 2

objections to this request. *Id*., Exh. 1, Attach. A. On October 1, 2009, the parties participated in a discovery conference, wherein Defendants agreed to the submission of supplemental requests for admission clarifying issues raised by Defendants' responses to Plaintiff's "Discovery Request No. 12 To Defendant Johnson-Bales Request For Admissions". *Id.*, Exh. 1, ¶ 4.

On October 5, 2009, Defendants received from Plaintiff a discovery request entitled "Discovery Request No. 12 Supplement To Dfts Johnson Request For Admission." *Id.*, Exh. 1, ¶ 5. On October 12, 2009, Defendant Bales served Plaintiff with her responses and objections to this request. *Id.*, Exh. 1, Attach. B.

Plaintiff's requests for admission number 1 through 6, submitted in "Discovery Request No. 12 To Defendant Johnson-Bales Request For Admissions" asked Defendant Bales to admit that she certified various menus as nutritionally adequate. Defendant Bales responded to each of the requests stating the following:

> Without waiving the above objections, Defendant Johnson admits that she is a registered dietitian, however can neither admit nor deny whether or not she is the person who certified the 2004 [and 2006] menus in question as she does not have said menus to reference.

*Id.*, Exh. 1, Attach. A. At the time these requests were submitted, Defendant Bales had just restarted employment with the Department of Corrections. *Id.*, Exh. 2. Defendant Bales was formerly the Food Program Manager for the Department of Corrections, the position now held by Defendant Jackson. *Id.* Defendant Bales resigned as the Food Program Manager in June 2006. *Id.* Defendant Bales is currently employed as a Correctional Industries Industry Manager IV. *Id.* This position is in Spokane, Washington, not Department of Corrections headquarters in Tumwater, Washington. *Id.* Additionally, this position does not involve viewing, creating, or verifying the nutritional adequacy of the menus of foods served to offenders. *Id.* Defendant

ORDER - 3

Bales does not, and did not at the time of answering these requests for admission, have access to current menus or menus she may have certified in 2004 and 2006. *Id.*

Plaintiff submitted supplemental requests for admission, identifying the page numbers of the documents provided to Plaintiff in discovery, which he was referring to in the original requests for admission. Upon receiving Plaintiff's "Discovery Request No. 12 Supplement To Dfts Johnson Request For Admission", Defendant Bales submitted supplemental answers to requests for admission 1 through 6. Dkt. 240, Exh. 1, Attach. B.

Requests for admission 1 and 2 asked that Defendant Bales admit that she certified the 2004 menus produced to Plaintiff at DEFS 10557 – DEFS 10559. Defendant Bales responded with the following:

> Without waiving the above objections, Defendant Bales can neither admit nor deny that she certified the menu attached to Lachney's report as it contains the initials KP which are not Defendant Bales' initials. Additionally, Defendant Bales can neither admit nor deny that she certified the menus identified as DEFS 10557 – DEFS 10559 as the date listed on the menu is for a time when Defendant Bales was not employed as the Food Program Manager.

*Id.*

Requests for admission 3 and 4 asked Defendant Bales to admit that she was the registered dietician who "certified as nutritionally adequate" the 2006 kosher diet menus. Dkt. 240, Exh. 1, Attach. A. Plaintiff's supplement directed Defendant Bales to refer to documents produced at DEFS 10561 – DEFS 10601. *Id.*, Exh. 1, Attach. B. Defendant Bales responded with the following:

> Without waiving the above objections, Defendant Bales admits that the five week Kosher menu identified above matches the Kosher menu nutritional analysis which is in the format of Computrition, the computer program used by the Food Program Office when Defendant Bales was Food Program Manager. However, Defendant Bales can neither admit nor deny that she certified either as her signature is not present on the attached menus. Defendant Bales recalls that the Kosher menu was in development for nearly a year, however does not know the

ORDER - 4

exact dates, but it could have been 2005-2006. Additionally, Defendant Bales can neither admit nor deny that she certified the 2006 Passover menu referenced above as it is in a format that does not look familiar to her.

*Id.*

Requests for admission 5 and 6 asked Defendant Bales to admit that she was the registered dietician who "certified as nutritionally adequate" the 2006 mainline menu. Dkt. 240, Exh. 1, Attach. A. Plaintiff's supplement directed Defendant Bales to refer to documents produced at DEFS 10602 – DEFS 10671. *Id.*, Exh. 1, Attach. B. Defendant Bales responded with the following:

> Without waiving the above objections, Defendant Bales admits that the Cycle 1 and Cycle 2 Standard Men Menus with dates of 11/6/05 – 12/10/05 (identified above) are in the Computrition format which was the program used by the Food Program Office when Defendant Bales was Food Program Manager. However, Defendant Bales can neither admit nor deny that these are the 2006 menus that were actually used as her signature is not present on said menus. Additionally, Defendant Bales ended her employment with DOC in June 2006.

*Id.*

Defendant Bales maintains that she has fully answered the requests for admission to the best of her ability based on the information provided, in accordance with Fed. R. Civ. P. 36(a)(4), and has no further information to provide. Dkt. 240, p. 5.

Plaintiff states that Defendant Bales and her counsel are "outright lying and being evasive." Dkt. 220, p. 5. He states that Defendant Bales is employed at DOC and "has access to her authored 2004, 2006 kosher and mainline menus by her employer or by her prison employed coworker, Olson." *Id.* The Court disagrees. Plaintiff's requests directed Defendant Bales to refer to specific documents in responding to his requests. Defendant Bales states that she reviewed those documents and based on that review, provided her responses. Having done so, and still lacking sufficient knowledge to admit or deny, Defendant Bales provided additional

ORDER - 5

explanation of why she was unable to admit or deny the requests. Thus, Defendant Bales' responses are sufficient and not "evasive or non-responsive."

Accordingly, it is **ORDERED**:

1) Plaintiff's motion to compel (Dkt. 220) is **DENIED**.

2) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 16th day of February, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6