UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS FLORER,<br><br>                Plaintiff,<br><br>  v.<br><br>CHERYL JOHNSON-BALES, *et al.*,<br><br>                Defendants. | No. C06-5561 RJB/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY REQUEST NO. 14 |

Before the court is Plaintiff's Motion to Compel Discovery Request No. 14. Dkt. 221. Defendants oppose the motion, arguing that they have fully answered the discovery. Dkt. 243. Plaintiff filed a reply. Dkt. 257.

**DISCUSSION**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). After careful review of the discovery requests, the objections stated, and argument of the parties, the Court finds that the motion to compel should be denied.

ORDER - 1

On August 14, 2009, Defendants received from Plaintiff a discovery request entitled "Discovery Request No. 14 To Defendant Jackson Request For Production." Dkt. 243, Exh. 1, ¶ 2. On September 11, 2009, Defendant Jackson served Plaintiff with his responses and objections to this request as well as the following responsive documents: DEFS 10680 through DEFS 10869. *Id.*; Exh. 1, Attach. A. On September 15, 2009, Plaintiff sent Defendants a letter raising multiple discovery issues. *Id.*, Exh. 1, Attach. B. On September 23, 2009, Defendants sent Plaintiff a letter responding to the discovery issues raised in Plaintiff's September 15, 2009, letter. *Id.*, Exh. 1, Attach. C. On October 22, 2009, Plaintiff sent Defendants a letter raising multiple discovery issues. *Id.*, Exh. 1, Attach. D. On November 3, 2009, Defendants sent Plaintiff a letter responding to the discovery issues raised in Plaintiff's October 22, 2009, letter. *Id.*, Exh. 1, Attach. E.

**A.  Request for Production No. 1**

Plaintiff's Request for Production Number 1, which was submitted to Defendant Jackson in "Discovery Request No. 14 to Defendant Jackson Request for Production," requested that Defendant Jackson, "Produce the 2008 General Menu Guide." Dkt. 243, Exh. 1, Attach. A, at 1. Defendant Jackson responded to this request, stating:

> Without waiving the above objections, per Jay Jackson, the General Menu Guide is the mainline men's menu. Therefore, see documents previously produced at DEFS 10525 – DEFS 10528. See also documents produced at DEFS 10672 – DEFS 10679.

*Id.* Plaintiff argues that, according to Policy 240.100, the General Menu Guide includes six different components. Dkt. 221, p. 3. While Defendants concede that Plaintiff is correct about the content of the policy, they maintain that the General Menu Guide is the mainline men's menu, and Plaintiff was advised of this fact in Defendant Jackson's response. Dkt. 243, p. 2. In addition, Defendants state that the "other elements listed in the policy are no longer part of the

ORDER - 2

General Menu Guide." Dkt. 243, p. 2. In correspondence to Mr. Florer on September 23, 2009, counsel for Defendants objected to Plaintiff's request for the six different components as follows:

> Next, you request that Mr. Jackson identify for you what pages of the documents produced in response to request for production one from Discovery Request No. 14 correspond with DOC Policy 240.100. Your original request states "Produce the 2008 General Menu Guide." Now asking Mr. Jackson to take the policy and match it up with the documents produced and identify for you which pages apply to which of the required components in the policy is a new discovery request and should be submitted as such.

Dkt. 243-2, pp. 16-17.

Defendant Jackson maintains that he fully responded to the request by referring to copies of the mainline men's menus previously provided and that there are no further responsive documents. *Id.* Based on this representation, the court finds that Plaintiff's motion to compel request for production No. 1 shall be denied.

**B.      Request for Production No. 5**

Plaintiff's Request for Production Number 5, requested the following:

> Produce documentation that Diane Benfield signature as in the capacity of Registered Dietitian as applied to the 2008 kosher, Passover, fast sack, and mainline menus, including nutritional analysis.

Dkt. 243, Exh. 1, Attach. A. Defendant Jackson responded to this request by providing two letters from Diane Benfield to Keven Bovenkamp the Performance Administrator of the DOC, dated December 30, 2008 and January 14, 2008, stating that she conducted the annual reviews "of the DOC menu," and found the menu to meet the nationally recommended allowances for basic nutrition as established by the National Academy of Sciences. Dkt. 243-2, pp. 20-21. Defendants state that these two pages of documents are all of the documents responsive to Plaintiff's request. Dkt. 243, p. 3.

ORDER - 3

In his motion, Plaintiff asks to which "menu is Benfield referring," which "nutritional analysis is Benfield referring to," and "which 2008 Kosher, Passover menu and nutritional analysis is Benfield referring to in her letters? Plaintiff seeks this info." Dkt. 221, pp. 4-5.

Defendants represent that these two letters are the only documents responsive to Plaintiff's request for production No. 5. Plaintiff is not entitled to a motion to compel further information relating to the production. Thus, Plaintiff's motion to compel request for production no. 5 is denied.

Accordingly, it is **ORDERED**:

1) Plaintiff's motion to compel (Dkt. 221) is **DENIED in its entirety**.

2) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 16th day of February, 2010.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 4