UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

                 Plaintiff,

   v.

CHERYL JOHNSON-BALES, *et al.*,

                 Defendants.

No. C06-5561 RJB/KLS

ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY REQUEST NO. 16

Before the court is Plaintiff's Motion to Compel Discovery Request No. 16. Dkt. 222. Defendants oppose the motion, arguing that they have fully answered the discovery. Dkt. 245.

**DISCUSSION**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). After careful review of the discovery requests, the objections stated, and argument of the parties, the Court finds that the motion to compel should be granted in part as discussed below.

On September 10, 2009, Defendants received from Plaintiff a discovery request entitled "Discovery Request No. 16 To Dfts J. Jackson Interrogatory." Dkt. 245, Exh. 1, ¶ 2. On

ORDER - 1

October 5, 2009, Defendant Jackson served Plaintiff with his answers. *Id.*; Exh. 1, Attach. A. On October 22, 2009, Plaintiff sent Defendants a letter raising multiple discovery issues. *Id.*, Exh. 1, Attach. B. Plaintiff raised no issue with regard to interrogatory No. 20 in this letter. *Id.* On November 3, 2009, Defendants sent Plaintiff a letter responding to the discovery issues raised in Plaintiff's October 22, 2009, letter. *Id.*, Exh. 1, Attach. C.

**A.  Interrogatory Number 19.**

Plaintiff's interrogatory number 19 asked the following:

> Since you became the Food Program Manager (FPM) in October 2006, when was the first and last time the kosher, Passover, fast sack, and mainline menus, ordering guides, and Menu Nutrient Analysis Reports were changed or updated for the institutional Food Manager's (FM) and whom has the authority to make any changes?

Dkt. 245, Exh. 1, Attach. A, at 1. In response to this interrogatory, Defendant Jackson responded with the following:

> Without waiving the above objections, the first change was made in January 2007 and the last change was made in August 2009. Defendant Jackson has the authority to approve the types of changes that were made.

*Id.* In his motion to compel, Plaintiff argues that this answer is evasive because Defendant Jackson has failed to identify what he changed and which menu he updated. Dkt. 222, p. 3.

The interrogatory does not ask Defendant to specify what changes or updates were made; it simply asks when was the "first and last time" the menus were changed or updated. However, the interrogatory asks this about six different items – Kosher menu, Passover menu, fast sack menu, mainline menus, ordering guides and Menu Nutrient Analysis Reports. Dkt. 245, Exh. 1, Attach. A. Therefore, Plaintiff is entitled to a response that identifies which of these items were changed in January 2007 and August 2009.

ORDER - 2

Thus, Plaintiff's motion to compel as to interrogatory No. 19 is granted to the extent that Defendant should identify which of the listed items he changed in January 2007 and August 2009.

**B.     Interrogatory No. 20**

Plaintiff's interrogatory number 20 asked the following:

> In your position as FPM the 2008 kosher, Passover, fast sack, and mainline menus, and ordering guides, and Menu Nutrient Analysis Reports are the authority to institution FM's, correct?

Dkt. 245, Exh. 1, Attach. A, at 1.  In response to this interrogatory, Defendant Jackson responded with the following:

> Without waiving the above objections, pursuant to policy, food managers are to "substantially follow the menu plan."

*Id.*

In his motion to compel, Plaintiff argues that Defendant Jackson has failed to answer this interrogatory because he answered "pursuant to policy" and "menu plan," even though the questions did not ask whether his authority was "pursuant to policy" and it was not limited to "menu plan," but was specific as to several menus and order guides.  Dkt. 222, p. 4.

Defendant Jackson maintains that he has appropriately responded to the interrogatory. The court does not agree that Defendant Jackson failed to answer this interrogatory.  While Plaintiff may disagree with this response, he is not entitled to an order to compel.  In addition, Defendants state that the parties never conferred regarding this interrogatory prior to Plaintiff's filing of the motion to compel, as required by Fed. R. Civ. P. 37(a)(2)(A); LR 37(a)(2). Although the parties conferred in writing regarding "Plaintiff's Request No. 16 To Dfts J. Jackson Interrogatory," Defendants maintain that the parties never discussed interrogatory number 20, Plaintiff presented no concerns regarding the answer provided and never requested

ORDER - 3

that the answer be supplemented. Dkt. 245, Exh. 1, ¶ 3; Exh. 1, Attach. B. Plaintiff must first confer with Defendants prior to filing a motion to compel.

Therefore, Plaintiff's motion to compel as to interrogatory No. 20 is denied.

**C.     Interrogatory No. 22**

Plaintiff's interrogatory number 22 asked the following:

> As FPM, your 2008 kosher, Passover, fast sack, and mainline menus distributed by your Food Program Office to the institutional FM's required the signature of a RD, who's RD signature is on these menus?

Dkt. 245, Exh. 1, Attach. A, at 1. In response to this interrogatory, Defendant Jackson responded "Without waiving the above objections, Diane Benfield reviewed the menus." *Id.* Defendant produced the menus (DEFS 10483 – DEFS 10825), produced two letters documenting Diane Benfield's review of the menus (DEFS 10868 – DEFS 10869), and has been told unequivocally on multiple occasions that Diane Benfield reviewed the 2008 menus and that Cheryl Bales reviewed the 2004 and 2006 menus. *Id.*, Exh. 1, ¶¶ 5, 6, 8.

Plaintiff complains that Defendant Jackson has failed to answer this interrogatory because the question is not "who reviewed the menus," but rather "whose RD signature is on these menus?"

If the signatures on the menus do not belong to the persons identified as having reviewed the menus, Plaintiff is entitled to know whose signatures are contained on the menus. Thus, Plaintiff's motion to compel a more complete response to interrogatory No. 22 is granted; Defendant Jackson shall supplement his answer to this interrogatory to identify the signatures on the menus.

**D.     Interrogatory Number 23.**

Plaintiff's interrogatory number 23 asked the following:

ORDER - 4

> As FPM, can you verify that the 2008 kosher, Passover, fast sack, and mainline menus, Menu Nutrient Analysis Reports, and ordering guides authored by you and distributed by you to the institutional Food Managers (FM's) do in fact meet nutritional standards based on current scientific principles? Produce documents.

Dkt. 245, Exh. 1, Attach. A, at 1. In response to this interrogatory, Defendant Jackson responded with the following objection and answer:

> OBJECTIONS: This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory assumes facts not in evidence and mischaracterizes the facts. Moreover, this request is defective in form as it combines an interrogatory with a request for production.
>
> ANSWER: Without waiving the above objections, the menus in question meet the nutritional guidelines identified in DOC Policy 240.100.

*Id.* Defendant Jackson argues that he fully and clearly answered the interrogatory posed and even though Plaintiff improperly combined his interrogatory with a request for production, Plaintiff was provided with copies of DOC Policy 240.100 (DEFS 10826 – DEFS 10867) and the nutritional analyses for each menu (DEFS 10483 – DEFS 10825). *Id.*, Exh. 1, ¶¶ 5, 8.

Plaintiff takes issue with Defendant Jackson's reference to "the menus in question," and argues that the interrogatory specifically asks for an answer as to the menus, Menu Nutrient Analysis Reports, and ordering guides.

To the extent that Defendant Jackson's answer is different as to the Menu Nutrient Analysis Reports and order guides, Plaintiff's motion to compel is granted; Defendant Jackson shall provide a supplemental answer to interrogatory No. 23 as to the Menu Nutrient Analysis Report and order guides.

**E.  Interrogatory Number 24.**

Plaintiff's interrogatory number 24 asked the following:

> As FPM you admit to authoring the 2008 kosher, Passover, fast sack, and mainline menus, Ordering Guides, and performing the menu Nutrient Analysis

ORDER - 5

Reports, including any updates or changes, which are the authority to institutional
FM's, are they not? Produce documents.

Dkt. 245, Exh. 1, Attach. A, at 1. In response to this interrogatory, Defendant Jackson responded with the following objection and answer:

> OBJECTIONS: This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory assumes facts not in evidence and mischaracterizes the facts. Moreover, this request is defective in form as it combines an interrogatory with a request for production.
>
> ANSWER: Without waiving the above objections, Defendant Jackson did not write all the documents, but did approve all.

*Id.* Defendant Jackson argues that he fully and clearly answered the interrogatory posed and even though Plaintiff improperly combined his interrogatory with a request for production, Plaintiff was provided with copies of all menus (DEFS 10483 – DEFS 10825). *Id.*, Exh. 1, ¶ 5.

Plaintiff argues that this request is not answered fully because Defendant Jackson failed to produce which documents he authored and which documents he approved. Dkt. 222, pp. 6-7.

Defendant Jackson answered the interrogatory posed to him and produced the menus in question. Therefore, Plaintiff's motion to compel is denied.

**F.    To Interrogatory Number 25.**

Plaintiff's interrogatory number 25 asked the following:

> Are you aware of any objective, verifiable, scientifically valid principles subject to peer review and publication by experts knowledgable [sic] in human nutrition that prove that the basic food groups serving amounts and/or amounts of macronutrients, vitimins [sic], minerals' and calories as listed on the 2008 Menu Nutrient Analysis Reports (i.e. for the 2008 kosher, Passover, fast sack, and mainline menus including Correctional Industries products) produced by the computrition [sic] computer software program demonstrative aids are nutritionally adequate? Produce documents.

Dkt. 245, Exh. 1, Attach. A., at 1. In response to this interrogatory, Defendant Jackson responded with the following objection and answer:

ORDER - 6

> OBJECTIONS: This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory assumes facts not in evidence and mischaracterizes the facts. Moreover, this request is defective in form as it combines an interrogatory with a request for production.
>
> ANSWER: Without waiving the above objections, each page of the nutritional analysis has a daily value and a daily value percentage for comparison.

*Id.*

Plaintiff complains that Defendant Jackson has failed to answer whether "objective, verifiable, scientifically valid principles subject to peer review and publication" are known to Defendant Jackson that "prove that the information listed on the 2008 Menu Nutrient Analysis Reports are "nutritionally adequate." Dkt. 22, p. 8.

Defendant Jackson maintains that his answer – that each page of the nutritional analysis specifies the daily value and the percentage for comparison and that, therefore, Plaintiff can see whether the menus meet the recommended daily values – is a complete answer to this interrogatory. A fair reading of this interrogatory is that Plaintiff seeks to know whether there are "objective, verifiable, scientifically valid principles subject to peer review and publication" confirming the daily values and percentages listed on the menus. To the extent that there are, and to the extent that they are within Defendant Jackson's knowledge, he should supplement his answer to interrogatory No. 25 and produce responsive documents, if any.

**H.      Interrogatory Number 26.**

Plaintiff's interrogatory number 26 asked the following:

> What qualifications do you have to support your subjective conclusion that the 2008 kosher, Passover, fast sack, and mainline menus are nutritionally adequate? Produce documents.

Dkt. 245, Exh. 1, Attach. A, 1. In response to this interrogatory, Defendant Jackson responded with the following objection and answer:

ORDER - 7

> OBJECTIONS: This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory assumes facts not in evidence and mischaracterizes the facts. Moreover, this interrogatory is argumentative. Furthermore, this request is defective in form as it combines an interrogatory with a request for production.
>
> ANSWER: Without waiving the above objections, Defendant Jackson compares the nutritional guidelines in policy to the nutritional analysis and speaks with the Dietitian.

*Id.* Although Plaintiff's interrogatory improperly combined a request for production, Defendant Jackson produced responsive documents including the policy, the nutritional analyses, and information on the dietitian consulted.

In his motion to compel, Plaintiff argues that Defendant Jackson has failed to provide his "qualifications" and in his response, identifies a "phantom" dietitian. Dkt. 222, p. 9.

In his answer to this interrogatory, Defendant Jackson stated how he supports his conclusion that the menus are nutritionally adequate – i.e., by comparing the nutritional guidelines in policy to the nutritional analysis and speaking with the dietitian. In addition, he provided responsive documents including information on the dietician consulted. It appears that Plaintiff is mincing words by insisting that Defendant Jackson has not properly identified his "qualifications" and by identifying a "phantom" dietician in his answer.

Plaintiff's motion to compel as to interrogatory No. 26 is denied.

Accordingly, it is **ORDERED**:

1) Plaintiff's motion to compel (Dkt. 222) is **GRANTED as follows:**

   a) As to Interrogatory No. 19, Defendant should identify which of the listed items he changed in January 2007 and August 2009.

   b) As to Interrogatory No. 22, Defendant shall identify the signatures on the 2008 menus.

   c) As to Interrogatory No. 23, Defendant shall supplement his answer as to the Menu Nutrient Analysis Reports and order guides.

ORDER - 8

        d)     As to Interrogatory No. 25, Defendant Jackson shall supplement his answer to identify any "objective, verifiable, scientifically valid principles subject to peer review and publication" confirming the daily values and percentages listed on the menus, and produce responsive documents, if any.

2)     Defendant Jackson's supplemental answers shall be submitted to Plaintiff **on or before March 5, 2010.**

3)     The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 16th day of February, 2010.

*(signature)*
Karen L. Strombom
United States Magistrate Judge

ORDER - 9