UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

                Plaintiff,

v.

CHERYL JOHNSON-BALES, *et al.*,

                Defendants.

No. C06-5561 RJB/KLS

ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY REQUEST NO. 18

Before the court is Plaintiff's Motion to Compel Discovery Request No. 18. Dkt. 225. Defendants oppose the motion, arguing that they have fully answered the discovery. Dkt. 246. Plaintiff filed a reply. Dkt. 258.

## DISCUSSION

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). After careful review of the discovery requests, the objections stated, and argument of the parties, the Court finds that the motion to compel should be granted in part as discussed below.

ORDER - 1

On September 15, 2009, Defendants received from Plaintiff a discovery request entitled "Discovery Request No. 18 To Dfts Johnson-Bales Interrogatory And Request For Production." Dkt. 246, Exh. 1, ¶ 2. On October 14, 2009, Defendant Bales served Plaintiff with her answers to this request. *Id.* ¶ 3; Exh. 1, Attach. A. On October 22, 2009, Plaintiff sent Defendants a letter raising multiple discovery issues. *Id.*, Exh. 1, Attach. B. Although plaintiff raised issues with regard to the answers given to these interrogatories, he did not specify what his concerns were with any of the particular interrogatories. *Id.*, Exh. 1, ¶ 4. On November 3, 2009, Defendants sent Plaintiff a letter responding to the discovery issues raised in Plaintiff's October 22, 2009, letter. *Id.*, Exh. 1, Attach. C. In that letter, Defendants informed Plaintiff that they would not provide further information to Plaintiff on these interrogatories "absent some sort of clarification from you [Plaintiff] as to what information you [Plaintiff] feel is missing". *Id.* ¶ 5.

**A.     Requests For Production Numbers 1, 2, 7, 8, 9, 11 and 12**

Plaintiff's requests for production numbers 1, 2, 7, 8, 9, 11, and 12 seek various documents created by and/or reviewed by Defendant Bales in 2004 and 2006. Dkt. 246, Exh. 1, Attach. A. Defendant Bales was formerly the Food Program Manager for the Department of Corrections, the position now held by Defendant Jackson. *Id.*, Exh. 2, ¶ 2.[1] Defendant Bales resigned as the Food Program Manager in June 2006. *Id.* Defendant Bales is currently employed as a Correctional Industries Industry Manager IV. *Id.* ¶ 1. This position is in Spokane, Washington, not Department of Corrections headquarters in Tumwater, Washington. *Id.* ¶ 3. According to Ms. Bales, her current position does not involve viewing, creating, or verifying the nutritional adequacy of the menus of foods served to offenders and she does not have access to current menus or menus she may have certified in 2004 and 2006. *Id.* Defendant Bales maintains

---

[1] A signed copy of Defendant Bales' declaration is filed at Dkt. 248.

ORDER - 2

that she does not have possession of the documents sought by Plaintiff and that Plaintiff has received all documents responsive to his requests for production as Defendants have produced all menus, nutritional analyses, and policies relevant to his requests and currently in possession of the Department of Corrections. *Id.*, Exh. 1, ¶ 6.

In his motion to compel, Plaintiff argues that Defendant Bales can produce the documents requested through her "coworker lawyer Olson or her DOC employment." See e.g., Dkt. 225, p. 3-5.

Rule 34 allows a party to request another party to produce, among other things, documents, electronically stored information, and other tangible things. However, it limits the production request to "items in the responding party's possession, custody, or control." Fed. R. Civ. Pro. 34(a)(1). "Control is defined as the legal right to obtain documents on demand." *FTC v. Braswell*, 2005 U.S. Dist. LEXIS 42817 at *8, 2005 WL 4227194 (C .D. Cal. Sept. 26, 2005) (citing *United States v. International Union of Petroleum and Industrial Workers*, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir.1989). Thus, Defendant Bales has access to the documents produced by her counsel in this litigation. However, Defendant Bales also states that all documents relevant to Plaintiff's requests that are presently in the possession of the DOC have already been produced. Based on this representation, and absent proof that he has not received the documents, Plaintiff's motion to compel the production of these documents through Defendant Bales is denied.

**B.     Interrogatory Nos. 1, 16, 18, 19 and 21**

> **No. 1**: Before you resigned as Food Program Manager (FPM) / Registered Dietitian (RD), when was the first and last time you changed or updated the kosher, Passover, fast bag guidelines, and mainline menus, Menu Nutrient Analysis Reports, and ordering guides?

ORDER - 3

**No. 16:** Based on current scientific principles, do your 2004-2006 kosher, Passover, fast sack guidelines, and mainline menus, order guides, and Menu Nutrient Analysis Reports provide the scientifically based amount of vitiman {sic} D?

**No. 18:** Spell out the amount of the N-3 fatty acid Eicosapentaenoic [sic] acid (EPA) and Docosa-hexaenoic [sic] acid (PHA) contained per food on your 2004-2006 kosher, Passover, fast bag guidelines, and mainline menus, order guides, and Menu Nutrient Analysis Reports?

**No. 19:** What food(s) have the EPA + DHA in the portize [sic] size on your 2004-2006 kosher, Passover, fast bag guidelines, and mainline menus, order guides, and Menu Nutrient Analysis Reports?

**No. 21:** Do your Menu Nutrient Analysis Reports on the 2004-2006 kosher, and mainline menus show that you deem one serving of fruit to be 5 (five) peach slices and 5 (five) peach slices equal ½ cup?

Dkt. 246, Exh. 1, Attach. A. Defendant Bales answered these interrogatories by stating that she "does not have documents in her possession to adequately answer this question," and that she is unable to verify that the menus cited by Plaintiff are, in fact the menus she authored and approved in 2004 and 2006. *Id.*; see also Dkt. 240. Defendants assert, however, that all documents responsive to Plaintiff's requests have been produced.

As noted above, Defendant Bales has "control" of the documents produced by her counsel in this litigation. To the extent the answers can be ascertained from a review of those documents, Defendant Bales should supplement her answers to these interrogatories.

**C.      Interrogatory No. 10**

Interrogatory number 10 asked the following:

Are you aware of any objective, verifiable, scientifically valid principles subject to peer review and publication by experts knowledgable [sic] in human nutrition that prove that the basic food groups serving amounts and/or amounts of macronutrients, vitimans [sic], minerals, and calories as listed on the 2004-2006 Menu Nutrient Analysis Reports (i.e. for the 2004-2006 kosher, Passover, fast bag guidelines, and mainline menus including Correctional Industries products) produced by the Computrition [sic] computer software program demonstrative aids are nutritionally adequate?

ORDER - 4

Dkt. 246, Exh. 1, Attach. A. Defendant Bales responded, "Defendant Bales is unclear as to what it is Plaintiff is asking." *Id.*

Defendant argues that her answer is complete and the motion to compel should be denied as Plaintiff provided no further clarification of his question. Dkt. 246, p. 3. In his letter of October 22, 2009, Plaintiff objected to Defendant Bales' answer to the interrogatory by stating: "Your answer is not responsive to the question." Dkt. 246, Exh. 1, Attach. B. In his motion to compel, Plaintiff provides an explanation of clarification of the information he was seeking in this interrogatory. Dkt. 225, pp. 5-6. The parties should further confer on this interrogatory to determine whether Defendant Bales is now able to supplement her answer based on this clarification.

**D.   Interrogatory No. 11**

Interrogatory number 11 requested the following:

> What qualifications do you have to support your subjective conclusion that the 2004-2006 kosher, Passover, fast bag guidelines, and mainline menus including Correctional Industries products are nutritionally adequate?

Dkt. 246, Exh. 1, Attach. A. Defendant Bales responded that she is a Registered Dietitian. She also added to her answer that, "the computer program used by the food program at DOC during the dates and years in question was Computrition." *Id.* Plaintiff states that he "seeks a responsive, non-evasive answer and documents." Dkt. 225, p. 7.

Defendant Bales answered this interrogatory as written. There was no request for documents and the answer is not evasive. The motion to compel Interrogatory No. 11 is denied.

**E.   Interrogatory No. 12**

Interrogatory number 12 requested the following:

ORDER - 5

> As to nutrition explain the entire step by step process in detail from start to finish and who was involved in authoring the 2004-2006 kosher, Passover, fast bag guidelines, and mainline menus?

Dkt. 246, Exh. 1, Attach. A. Defendant Bales responded that she "does not recall the step by step process in detail as the process in question occurred three to five years ago." *Id.* Plaintiff argues that this answer is not responsive as Defendant Bales can review the computer program during the years in question to answer this interrogatory. Dkt. 225, p. 7.

Plaintiff may attempt to impeach or undermine this defendant with the documents he has been provided in discovery, but the court cannot compel a further response. The motion as to Interrogatory No. 12 is denied.

**F.      Interrogatory No. 14**

Interrogatory number 14 requested the following:

> Have you used the dietary guidelines for Americans 2000 5th ed. and 2005 6th ed. published by Health Human Services and United States Dept. of Agriculture as a foundation for your 2004-2006 kosher, Passover, fast bag guidelines, and mainline menus, ordering guides, and Menu Nutrient Analysis Reports?

Dkt. 246, Exh. 1, Attach. A. Defendant Bales responded that she "does not recall which dietary guidelines were used as a reference." *Id.* Plaintiff argues that this answer is non-responsive because Defendant Bales has access to "documents in question." Dkt. 225, p. 8. Defendant Bales answered the interrogatory as posed. Absent evidence to the contrary, which has not been provided, Plaintiff must accept her response that, after a reasonable effort to respond, she does not recall which dietary guidelines she used as a reference. If after a review of the documents produced by Defendants in this action, Defendant is able to recall, she should supplement her answer to this interrogatory.

ORDER - 6

**G.     Interrogatory Nos. 15 and 17**

   **No. 15:**   Does poor diet and physical inactivity cause several risk factors or preclinical cronic [sic] diseases or cronic [sic] diseases?

   **No. 17:**   Does trans fatty acid consumption from processed foods cause coronary heart disease?

Dkt. 246, Exh. 1, Attach. A.

Defendant Bales responded that she does not know the answers to these questions. *Id.* Plaintiff argues that Defendant Bales' answers are unresponsive because she "claims to be a registered dietitian." Dkt. 225, p. 8. Plaintiff's belief that Defendant Bales should know more than she has stated is immaterial. Defendant Bales answered these interrogatories and verified her answers. The court cannot compel a further answer. The motion to compel Interrogatory Nos. 15 and 17 are denied.

**H.     Interrogatory No. 23**

Interrogatory No. 23 asked the following:

"When you evaluated my weight in 2004 what was my waist circumference?"
Exhibit 1, Attachment A.

Defendant Bales objected to the relevancy of this interrogatory and answered that the information is obtainable from a more convenient source as Plaintiff has access to his medical file, where she does not. *Id.*, Attach. A, pp. 10-11. Defendant Bales does not have access to Plaintiff's medical file in her current position. *Id.*, Exh. 2, ¶ 4. Although Plaintiff's medical file has been produced by Defendants, Plaintiff has access to his own medical file and he may more conveniently obtain the information there. The motion to compel Interrogatory No. 23 is denied.

Accordingly, it is **ORDERED**:

1)     Plaintiff's motion to compel (Dkt. 225) is **GRANTED as follows:**

ORDER - 7

        a)     Defendant Bale shall supplement her answers to Interrogatory Nos. 1, 14, 16, 18, 19 and 21.

        b)     The parties should further confer regarding Interrogatory No. 10.

2)     Defendant Bale's supplemental answers shall be submitted to Plaintiff **on or before March 5, 2010.**

3)     The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 16th day of February, 2010.

Karen L. Strombom  
United States Magistrate Judge

ORDER - 8