UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

                  Plaintiff,

v.

CHERYL JOHNSON-BALES, *et al.*,

                  Defendants.

No. C06-5561 RJB/KLS

ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY REQUEST NO. 10

Before the court is Plaintiff's Motion to Compel Discovery Request No. 10. Dkt. 218. Defendants oppose the motion, arguing that they have fully answered the discovery. Dkt. 241. Plaintiff has filed a reply. Dkt. 252.

**DISCUSSION**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). After careful review of the discovery requests, the objections stated, and argument of the parties, the Court finds that the motion to compel should be denied in part and granted in part, as follows:

ORDER - 1

## A. Plaintiff's Request for Production No. 4

On July 20, 2009, Defendants received from Plaintiff a discovery request entitled "Discovery Request No. 10 To Defendant J. Jackson Request For Production." Dkt. 241, Exh. 1, ¶ 2. On August 6, 2009, Defendant Jackson served Plaintiff with his responses and objections to this request. *Id.*, Exh. 1, Attach. A. On September 6, 2009, the parties engaged in a discovery conference regarding Defendants' responses to this discovery. *Id.*, Exh. 1, Attach. B.

Plaintiff's requests for production numbers 2 and 4 are nearly identical.[1] Plaintiff's request for production number 4 requested the following:

> As to Request for Production No. 3 above, produce a hard copy of the data along with the underlying sources, including a hard copy of the computer programs that were used to perform the menu Template Nutrient Analysis and menu Template Report on the 2008 mainline menu.

*Id.*, Exh. 1, Attach. A. Defendant Jackson responded to this request, stating:

> This request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request seeks documents and items that are irrelevant to the claims in Plaintiff's complaint. Additionally, this request is compound and seeks items that are not in Defendant's care, control, or custody. Furthermore, this request is vague and confusing as to the terms "data" and "template" and confusing as to what documents are being sought.

*Id.* According to Defendants, they have provided Plaintiff with all information regarding the "underlying data" for the nutrient analysis in response to his "Discovery Request No. 15 Suplement [Sic] To No. 9 To Dfts J. Jackson Interrogatory And Request For Production." In Plaintiff's interrogatory/request for production number 10 in his Discovery Request 15, he asked the following:

---

[1] Although Plaintiff's motion refers to "RFP No.'s [sic] 2 n 4", his argument refers only to the items sought in Request for Production No. 4.

ORDER - 2

> You used the term "data" "entry", what is this "data" the teenager "entered" or
> did not enter or altered and who verified the teenagers "data entry"? Produce the
> "data" prior to "entry" by the high school intern, as to the 2008 kosher, Passover,
> fast sack, and mainline menus, including any updates.

Dkt. 241, Exh. 1, Attach. C. Defendant Jackson responded to this request, stating:

> Without waiving the above objections, the data entered by the "teenager"
> consisted of recipes, products, and portion size for menu items. The final product
> is the nutritional analysis for each menu. See documents previously produced at
> DEFS 953 – DEFS 1726; DEFS 10483 – DEFS 10556; and DEFS 10870 – DEFS
> 10901.

*Id.* Defendant Jackson also provided a supplemental response to Plaintiff's request, stating:

> Without waiving the above objections, Defendant Jackson verified the data
> entered by the "teenager" with final approval from Diane Benfield. Most of the
> recipes used by DOC are already in Computrition. If a recipe needs to be changed
> in some way, this is done electronically in Computrition and the new recipe is
> saved over the old recipe. On rare occasions a recipe needed was not in
> Computrition. In those circumstances, Defendant Jackson would either use a
> military recipe or create the recipe from scratch working with one of the Food
> Managers. Once the recipe was created, the information was inputted into
> Computrition. There are no documents for these created recipes as after the
> handwritten notes were inputted into Computrition they were discarded.
> Defendant Jackson was able to locate some recipes from 2008, however these
> recipes were printed directly from Computrition and were not ones entered by the
> "teenager." See documents produced at DEFS 12857 – DEFS 13314.

Dkt. 241, Exh. 1, Attach. D.

Plaintiff seeks the "underlying sources" and a hard copy of the computer programs that were used to perform the MNAR's. Dkt. 218, p. 4. He argues that this evidence is obviously material to this case. *Id.* Defendants objected to this request on the grounds that it is vague and confusing as Defendants are unclear what Plaintiff is seeking. Dkt. 241, Exh. 1, Attach. A. In addition, according to Defendants, they have provided Plaintiff with a complete answer as to the source of the data used in the nutrient analysis and they have provided Plaintiff with copies of the existing data that was still in the possession of Defendant Jackson. Dkt. 241, Exh. 1, Attachs. C-D. As to Plaintiff's request for a "a hard copy of the computer programs that were used to

ORDER - 3

perform the menu Template Nutrient Analysis and menu Template Report[s]," Defendant Jackson states that he cannot produce the software as neither he nor the Department of Corrections own the software. Dkt. 241, Exh. 2. Rather, the DOC merely has a license to use the copyrighted software and reproducing the software is a violation of federal copyright law. *Id.*, Exh. 2, ¶ 2; citing 17 U.S.C. §§ 102, 103, 106, 301; RCW 42.56.270. Defendants further argue that the software itself is not relevant to the claims made by Plaintiff as the software itself does not tend to make any fact more or less likely to be true. Dkt. 241, p. 4,

The record reflects that Plaintiff has been provided with an answer as to the source of the data and given copies of the existing data. In addition, the court finds that the software program is not relevant to the claims raised by Plaintiff in this case.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff's request for the software program is not relevant to his claims in this case, i.e., that the Kosher and mainline menus are nutritionally deficient, as the software itself not tend to make that fact more or less likely true. Thus, Plaintiff's motion to compel request for production No. 4 shall be denied.

**B.      Requests for Production Nos. 5 and 6**

Plaintiff's request for production number 5 requested that Defendant Jackson, "[p]roduce a mainline alladen IMU tray." Dkt. 241, Exh. 1, Attach. A. Defendant Jackson responded to this request, stating:

> This request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request seeks items that are irrelevant to the claims raised in Plaintiff's complaint. Additionally, this request is overbroad and unduly burdensome as it fails to specify a time frame. Furthermore, this request is vague as to the term "alladen."

ORDER - 4

*Id.*

Plaintiff's request for production number 6 requested that Defendant Jackson, "Produce a mainline current IMU tray, one hot tray and one cold tray." Exhibit 1, Attachment A. Defendant Jackson responded to this request, stating:

> This request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request seeks items that are irrelevant to the claims raised in Plaintiff's complaint. Additionally, this request is overbroad and unduly burdensome as it fails to specify a time frame. Furthermore, this request is compound.

*Id.*

Plaintiff states that he seeks different models of IMU trays from "CBCC, WCC, i.e. the alladen tray and extra small hot n cold trays. And from SCCC the regular size hot n cold trays." Dkt. 218, 5. Plaintiff argues that the trays are material to show that Defendants' menu items and/or serving amounts of the menu items do not fit on the IMU trays. Dkt. 218, p. 5. He also states that Defendant Jackson mentioned the "Aladdin trays" in his deposition on October 20, 2006, and described them as the "old six compartment trays" as opposed to the three compartment trays. Dkt. 252, p. 4.

The serving size of the menu items are arguably related to Plaintiff's claim that the menus are nutritionally inadequate. Accordingly, the court finds that the Plaintiff's motion to compel request for productions Nos. 5 and 6 is granted as to the trays used while Plaintiff was receiving the 2006 and 2008 menus made the subject of his complaint. See, Dkt. 190, pp. 14, 16. At a minimum, the Defendants may provide photos of the trays used and a listing of dimensions as opposed to providing actual trays.

**C.      Request for Production Nos. 7 through 9**

Plaintiff's requests for production numbers 7, 8, and 9 requested the production of the "premade dinner meals that are listed for dinner" on the 2004, 2006, and 2008 kosher menus. Exhibit

ORDER - 5

1, Attachment A. Defendant Jackson responded to each of these requests with the following objection:

> This request is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is irrelevant and compound. Moreover, the dinner meals from the 2004 [, 2006, and 2008] kosher menu are no longer in the Defendant's care, control, or custody.

*Id.* Defendant filed this discovery request in 2009. The meals made available on the menu in 2004, 2006, and 2008 were not available in 2009. Dkt. 241, p. 5. Further, Defendants argue that even assuming these meals were available, producing meals that were prepared two to six years later would be of no use to the trier of fact. *Id.* Defendants further argue that the old meals themselves do not make any fact more or less probable and, even if they did, there is a substantial danger of unfair prejudice as a result of the meals being years old. ER 401; ER 402. Additionally, the nutritional value of the meals has no relevance to their taste or their "consumability" – either they have nutritional value or they do not, regardless of taste or appearance. *Id.*

Plaintiff alleges that "these particular type of K premade dinners dfts [sic] use are material because these duplicative objects hold no nutritional value as they are non-consumable and should be perceived by the Judge or Jury's own perception." Dkt. 218, p. 6.

Defendant Jackson responded that the Kosher dinners listed on the 2004, 2006 and 2008 menus are no longer available. As such, Defendant Jackson properly objected to the request and the motion to compel request for production Nos. 7 through 9 are denied.

Accordingly, it is **ORDERED**:

1) Plaintiff's motion to compel (Dkt. 218) is **DENIED, except as to Request for Production Nos. 5 and 6**; at a minimum, Defendants shall produce photos of the trays with a list of the dimensions. Defendants shall supplement their production to these requests **on or before March 5, 2010.**

ORDER - 6

2) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 17th day of February, 2010.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 7