UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS FLORER,<br><br>                    Plaintiff,<br><br>       v.<br><br>CHERYL JOHNSON-BALES, *et al.*,<br><br>                    Defendants. | No. C06-5561 RJB/KLS<br><br>ORDER DENYING MOTION TO COMPEL (DKT. 303) |

Before the court is Plaintiff's Motion to Compel Discovery Request No. 21 Directed to Defendant Diane Benfield. Dkt. 303.

*BACKGROUND*

Discovery ended in this case on December 19, 2009. Dkt. No. 209. Plaintiff was granted a short extension of that deadline until April 16, 2010 for the "sole purpose of resubmitting the interrogatories and requests for production identified as Discovery Request No. 21 to Diane Benfield." Dkt. No. 275. On March 1, 2010, Defendants received from Plaintiff the resubmitted Discovery Request No. 21 to Diane Benfield. Dkt. 313, Exh. 1, ¶ 2. On March 30, 2010, Defendant Benfield's responses and objections to Discovery Request No. 21 were mailed to Plaintiff, including 103 pages of responsive documents. *Id.*, ¶ 3, Attach. A. Also on March 30, 2010, the parties participated in a discovery conference regarding previous discovery. *Id.* During that call, Plaintiff informed Defendants' counsel that regardless of the responses received

ORDER - 1

to Discovery Request No. 21, he would be moving to compel. *Id.* On April 8, 2010, Defendants' counsel received a letter from Plaintiff requesting to meet and confer as to Discovery Request No. 21, stating he would be filing a motion to compel. *Id.*, Exh. 1, ¶ 4. On April 13, 2010, the parties participated in a discovery conference regarding Discovery Request No. 21. *Id.*, Exh. 1, ¶ 5. On April 14, 2010, supplemental responses to Discovery Request No. 21 and two additional pages of responsive documents were sent to Plaintiff. *Id.*, Exh. 1, ¶ 6, Attach. B. On May 4, 2010, Defendants received from Plaintiff the instant motion to compel. Dkt. No. 303.

## *DISCUSSION*

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). After careful review of the discovery requests, the objections stated, and argument of the parties, the Court finds that the motion to compel should be denied.

**A.     Interrogatory/Request for Production No. 1:**

> Identify specifically the 2008 Kosher, Passover, fast bag guidelines, and mainline menus, order guides, and menus Nutrient Analysis Reports authored by Food Program Manager (FPM) Jackson, including manufacturers food labeling and manufacturer Correctional Industries first choice foods food labeling and all updates, that you are certifying as nutritionally adequate based on current scientific principles with your signature in the capacity of an RD registered by the commission on Dietetic Registration? Produce documents.

Dkt. 303-3, p. 8.

ORDER - 2

In her answer, Defendant Benfield referred Plaintiff to documents produced at DEFS 13502-DEFS 13533.  Dkt. 303-3, p. 9.  Defendant states that these are the documents she specifically approved which consisted of the 2008 Kosher menu and the analysis performed on that menu.  *Id.* In her supplemental response to this interrogatories, Defendant Benfield referred Plaintiff to the 2008 mainline menus and analysis that she approved.  Dkt. 313, Exh. 1, Attach. B.  The other items listed by Plaintiff however were not items Defendant Benfield was responsible for approving.  Dkt. 313, p. 2.  Defendant Benfield only approved specific menus and analyses performed on said menus as being nutritionally adequate – she did not approve ordering guides, food labels, or any of the other items Plaintiff asks about.  Defendant Benfield also did not approve the 2008 Passover menu or analysis or the "2008 fast bag guidelines."  *Id.*, pp. 2-3.

The interrogatory asks Defendant Benfield to specifically identify the items she certified as nutritionally adequate.  Defendant Benfield states that she did so by referring to the documents that she actually approved (the Kosher menu and analysis and the mainline menu and analysis).  Therefore, Plaintiff's motion to compel Interrogatory/Request for Production No. 1 is denied.

**B.     Interrogatory/Request For Production No. 2:**

> After your job duties were completed in interrogatory No. 1 above, what than [sic] did you do with the documents? Produce documents.

Dkt. 303-3, p. 9.  Defendant Benfield answered that she maintained the documents in her file and referred to documents previously produced that she specifically approved as being nutritionally adequate.  *Id.*

Plaintiff provides no basis on which the court can conclude that Defendant Benfield's response is incomplete, unresponsive or evasive.  Plaintiff's motion to compel Interrogatory/Request No. 2 is denied.

ORDER - 3

C.  **Interrogatory/Request For Production No. 9:**

> Are you aware of any objective, verifiable, scientifically valid principles subject to peer review and publication by experts knowledgable [sic] in human nutrition that prove that the basic food groups serving amounts and/or amounts of macronutrients, [sic] vitimans, [sic] minerals, and calories as listed on the 2008 menu Nutrient Analysis Reports (i.e. for the 2008 Kosher, Passover, fast bag guidelines, and mainline menus including Correctional Industries food products) produced by the Computrition computor [sic] software program demonstrative aids are nutritionally adequate? Produce document.

Dkt. 303-3, pp. 12-13. Defendant Benfield answered, "yes, the Reference Daily Intake. See documents previously produced …". *Id.*, p. 13. Plaintiff was provided with a copy of the Reference Daily Intakes (RDIs), which are established by the Food and Drug Administration (FDA), and are used for the nutritional analyses run on the various DOC menus. Dkt. 313, Exh. 1, Attach. A.

Plaintiff argues that the documents produced are not verifiable nor indicative that they are based on objective verifiable scientifically valid principles subject to peer review and publication. Dkt. 303-2, pp. 5-6. However, Plaintiff provides no support for this argument. On the other hand, Defendants state that it is Defendant Benfield's opinion that the RDIs are an "objective verifiable scientific principle" subject to peer review and publication by experts knowledgeable in human nutrition, which is why the RDIs are listed in the answer. Dkt. 313, p. 4. It is Defendant Benfield's opinion that the RDIs prove that the serving amounts listed on the menus she approved as nutritionally adequate are in fact nutritionally adequate, which is why the RDIs are listed in the answer. *Id.*; Exh. 1, Attach. A.

Although Plaintiff clearly disagrees with Defendant Benfield's opinion, this is not grounds for finding that she did not provide a full and complete response to his discovery request. Plaintiffs' motion to compel Interrogatory/Request for Production No. 9 is denied.

ORDER - 4

D.     **Interrogatory/Request For Production No. 11:**

> Since you've become the Food Program Office Registered Dietitian (eg. Which is when?) when was the first time and when was the last time you Reviewed, certified, changed or updated the Kosher, Passover, fast bag guidelines, and mainline menus including Correctional Industries food products, order Guides, and Menu Nutrient Analysis Reports? Produce documents.

Dkt. 303-3, pp. 13-14. Defendant Benfield answered that she was never the Registered Dietitian for the Food Program Office, and that she approved the Kosher Menu and Menu Nutrient Analysis on a temporary basis from 11/07 to 6/09. Dkt. 313, Exh. 1, Attach. A. Defendant Benfield referred Plaintiff to copies of e-mails in which she made suggestions regarding the Kosher menu. *Id.*

Plaintiff argues that Defendant Benfield's answer is incomplete, unresponsive, and evasive because she failed to answer as to the Passover menu, fast bag guidelines, mainline menu, ordering guides, food products, and mainline menu nutritional analysis. Dkt. 303, pp. 6-7. Defendant Benfield states that she does not recall the specific dates as to the first and last time she approved the menus, Kosher or mainline, as nutritionally adequate, but she did provide the time frame during which she was responsible for doing so. Dkt. 313, Exh. 1, Attach. A. Defendant Benfield stated further that the only documents in which she made suggestions as to menus were documents relating to the Kosher menu and therefore, she did not produce documents regarding the mainline menu. Dkt. 313, p. 5. Defendant Benfield states that she was responsible for reviewing menus only on a temporary basis, and during this temporary assignment she mainly reviewed the Kosher menu and analysis. *Id.* Additionally, Defendant Benfield was not responsible for reviewing food labels, "fast bag guidelines", or order guides, therefore she did not answer as to those items. Defendant Benfield did not approve the Passover

ORDER - 5

menu during this temporary assignment, only the Kosher and mainline menus, therefore she did not answer as to that menu.  *Id.*

There is no basis on which the court can conclude that Defendant Benfield has not fully and completely responded to this request based on information within her knowledge and control.  Plaintiff's motion to compel Interrogatory/Request for Production No. 11 is denied.

**E.    Interrogatory/Request For Production No. 12:**

> As to nutrition explain the entire step by step process in detail from start to finish and who was envolved [sic] in your annual review and certification as a Registered Dietitian of the 2008 Kosher, Passover, fast bag guidelines, and mainline menus including Correctional Industries food products and all updates? Produce documents.

Dkt. 303-3, p. 14.  Defendant Benfield answered that changes were made to the Kosher menu by Jay Jackson who supervised staff at Headquarters that entered the changes into the Computrition Program. The menus and menu analysis were then sent to Defendant Benfield for review.  Defendant Benfield then referred Plaintiff to specific documents in which she made suggestions regarding the Kosher menu.  Dkt. 313, Exh. 1, Attach. A.

Plaintiff complains that this answer is incomplete, unresponsive, and evasive as Defendant Benfield failed to answer as to the 2008 Passover menu, fast bag guidelines, mainline menus, ordering guides, Correctional Industries food products, and the mainline menu nutrient analysis.  Dkt. 303, pp. 7-8.  However, Defendant Benfield states that she was responsible for reviewing menus and analyses only on a temporary basis, and during this temporary assignment she mainly reviewed the Kosher menu and analysis, which is why she answered as to the Kosher menu.  Dk. 313, pp. 5-6.  She also confirms that if the mainline menu was sent to her during this time for review and approval, the same process would have been followed.  *Id.*, p. 6. Additionally, Defendant Benfield states that she was not responsible for approving food labels,

ORDER - 6

"fast bag guidelines", order guides, or any other item listed by Plaintiff, and therefore did not answer as to those items. *Id.* Finally, Defendant Benfield did not approve the 2008 Passover menu, only the Kosher and mainline menus, therefore she did not answer as to that menu. *Id.*

There is no evidence that Defendant Benfield did not fully and completely respond to this request based on information within her knowledge and control. Plaintiff's motion to compel Interrogatory/Request for Production No. 12 is denied.

**F.     Interrogatory/Request For Production No. 13:**

> As to your annual review and certification as a Registered Dietitian of the 2008 Kosher, Passover, fast sack guidelines, and mainline menus including Correctional Industries, Order Guides, and Menu Nutrient Analysis Reports that you conducted and found to meet the nationally recommended allowances for basic nutrition as established by the National Academy of Sciences, produce the nationally recommended allowances for basic nutrition as established by the National Academy of Sciences.

Dkt. 303-3, p. 15. Defendant Benfield answered this request by referring Plaintiff to a two page document listing, among other things, the Dietary Reference Intakes (DRIs), which are established by the Food and Nutrition Board and the Institute of Medicine. Dkt. 313, Exh. 1, Attach. A.

Plaintiff argues that this answer is unresponsive. Dkt. 313, pp. 8-9. Defendant Benfield states that Plaintiff may be confused when he asked for the nationally recommended allowances for basic nutrition as established by the National Academy of Sciences, because the DRIs are established by the Food and Nutrition Board and the Institute of Medicine. Dkt. 313, p. 7. The National Academy of Sciences (referred to in Request No. 13) expanded to include the Institute of Medicine (the same institute referred to in Defendant Benfield's answer) in 1970. *Id.*

ORDER - 7

There is no evidence that Defendant Benfield did not fully and completely respond to this request based on information within her knowledge and control. Plaintiff's motion to compel Interrogatory/Request for Production No. 13 is denied.

**G.     Interrogatories/Requests For Production Nos. 14 and 15:**

**Interrogatory No. 14:**

Spell out the amount of the n-3 fatty acid Eicosapentaenoic acid (EPA) and Docosahexaenoic acid (DHA) contained per food on the 2008 Kosher, Passover, fast sack guidelines, and mainline menus including Correctional Industries food products, Order Guides, and Menu Nutrient Analysis Reports? Produce documents.

**Interrogatory No. 15:**

What food(s) have the EPA and DHA in the portion size(s) on the 2008 Kosher, Passover, fast sack guidelines, and mainline menus including Correctional Industries food products, Order Guides, and Menu Nutrient Analysis Reports? Produce documents.

Dkt. 303-3, pp. 15-16. In response to both of the questions, Defendant Benfield stated "Without waiving the above objections, Defendant Benfield cannot answer this question as the nutrients in question are not required to be analyzed per regulatory guidelines, therefore DOC did not analyze them. There are no responsive documents." Dkt. 313, Exh. 1, Attach. A.

Plaintiff argues that "what DOC required to be analyzed" is unresponsive and evasive. Dkt. 303, pp. 10-11. Defendant Benfield argues that, to answer the questions posed, she would have to refer to the nutritional analyses performed on the menus and because the nutrients referred to by Plaintiff are not required to be analyzed per regulatory guidelines, DOC did not analyze them and therefore the information he is seeking is not found in the nutrient analyses. Dkt. 313, pp. 7-8.

Defendant Benfield states in her answers that she cannot answer the interrogatories and has no responsive documents. She submitted these answers under oath. The court cannot

ORDER - 8

compel a party to provide information that is not within her knowledge or control. Plaintiff's motion to compel Interrogatories/Request for Production Nos. 14 and 15 are denied.

**H.     Interrogatory/Request For Production No. 17:**

> Based on current scientific principles, do the 2008 Kosher, Passover, fast sack guidelines, and mainline menus including Correctional Industries food products, Order Guides, and Menu Nutrient Analysis Reports provide the scientifically based amount of vitiman [sic] D? Produce documents.

Dkt. 303-3, p. 16-17. In her response, Defendant Benfield stated that she did not know what Plaintiff is referencing when he says, "current scientific principles" or "provide the scientifically based amount," but answered that the 2008 kosher menu, as analyzed on May 23, 2008, provided an average of 347 international units of vitamin D, daily, and that the 2008 mainline menu, as analyzed on December 23, 2008, provided an average of 461 international units of vitamin D, daily." Dkt. 313, Exh. 1, Attach. A.

Plaintiff argues that the "the dietetics practitioner practices dietetics based on scientific principles and current information." Dkt. 303, p. 12. Defendant Benfield argues that she is aware of this, but does not know what Plaintiff wants her to use as a guideline. Without having this information, Defendant Benfield cannot say one way or the other if the 2008 menus and analyses performed on those menus have the recommended amount of vitamin D. Thus, she instead provided Plaintiff with the amount of vitamin D available in the 2008 menus. *Id.*

Based on the request as posed and Defendant Benfield's explanation, the court finds that Defendant Benfield has fully and completely responded to this interrogatory. If Plaintiff wishes to impeach Defendant Benfield practices based on scientific principles and current information, he has been given the information (the amount of vitamin D in the 2008 menus) with which to do so. Plaintiff's motion to compel Interrogatory/Request for Production No. 17 is denied.

ORDER - 9

**I.      Interrogatory/Request For Production No. 21:**

> As a registered Dietitian registered by the Commission on Dietetic Registration, have you used the Dietary Guidelines for Americans 2000 5th ed. And 2005 6th ed. Published by the Dept. of Health and Human Services and United States Dept. of Agriculture as a foundation for your annual review and certification of the 2008 Kosher, Passover, fast bag guidelines, and mainline menus including Correctional Industries food products, Order Guides, and Menu Nutrient Analysis Reports? Produce documents.

Dkt. 303-3, p.18.  Defendant Benfield responded to this request by producing a copy of the Dietary Guidelines for Americans 2005 edition, Key Recommendations for the General Population.  Dkt. 313, Exh. 1, Attach. A.

Plaintiff argues that the documents produced are unresponsive to question because they are not the Dietary Guidelines for Americans 2000 or 2005.   Dkt. 303, p. 13.  Defendant Benfield responds that Plaintiff is incorrect because the documents produced are the Dietary Guidelines for Americans 2005 edition, Key Recommendations for the General Population, as stated above.  Dkt. 313, Exh. 1, Attach. C (DEFS 13591 – DEFS 13593).

Pursuant to Federal Rule of Civil Procedure 33(d), if an answer to an interrogatory may be determined by examining business records, the responding party may answer by producing said records.  Fed. R. Civ. P. 33(d).  Defendant Benfield produced the documents she believes are responsive to this request.  Although Plaintiff clearly disagrees with Defendant Benfield's response, this is not a basis for granting a motion to compel.  Plaintiff's motion to compel Interrogatory/Request for Production No. 21 is denied.

**J.      Interrogatory/Request For Production No. 23:**

> When a person is not receiving enough calories the body eats itself to survive, correct? Produce documents.

Dkt. 303-13, p. 19.  Defendant Benfield answered that "if insufficient calories are consumed a large and rapid weight loss is the result, while preserving lean body mass as much as possible."

ORDER - 10

She also produced supporting documents. Dkt. 313, Exh. 1, Attach. A. Plaintiff complains that this answer is unresponsive because the question posed asked about "calories received and not calories consumed." Dkt. 303, p. 14. Plaintiff's objection is nonsensical. A fair reading of the question is that if a person is not *receiving* enough calories, they are not *consuming* enough calories. Plaintiff's motion to compel Interrogatory/Request for Production No. 23 is denied.

**K.     Original Signature Page Of Diane Benfield**

Plaintiff complains that he did not receive the original signature page of Diane Benfield on her discovery responses. Dkt. 303, p. 14. The original signature page was forwarded to Plaintiff on April 13, 2010. Dkt. 313, Exh. A, Attach. D. Defendant Benfield's original signature page on her supplemental responses to Discovery Request No. 21 was forwarded to Plaintiff on April 22, 2010. *Id.* Plaintiff has provided no evidence to the contrary. His motion to compel original signature pages is denied.

Accordingly, it is **ORDERED**:

1)     Plaintiff's motion to compel (Dkt. 303) is **DENIED.**

2)     The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 9th day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11