UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

                Plaintiff,

  v.

CHERYL JOHNSON-BALES, *et al.*,

                Defendants.

No. C06-5561 RJB/KLS

ORDER DENYING MOTION TO COMPEL (DKT. 295)

Before the court is Plaintiff's Motion to Compel relating to various discovery requests. Dkt. 295. Plaintiff previously filed motions to compel relating to these requests (Dkts. 217, 218, 222, 225). The court ruled on the motions in several Orders found at Dkt. 276 (Discovery Request No. 10); Dkt. 274 (Discovery Request No. 15); Dkt. 271 (Discovery Request No. 16) and Dkt. 273 (Discovery Request No. 18), and ordered Defendants to provide supplemental discovery. In this latest motion, Plaintiff complains that Defendants' supplemental discovery is insufficient.

**DISCUSSION**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed

ORDER - 1

discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii).  After careful review of the discovery requests, the objections stated, and argument of the parties, the Court finds that the motion to compel should be denied.

**Discovery Request No. 10:**

With regard to Plaintiff's request for various food serving trays, the court found that the serving size of the menu items are arguably related to Plaintiff's claim that the menus are nutritionally inadequate.   Dkt. 276.  Accordingly, the court granted Plaintiff's motion to compel request for productions Nos. 5 and 6 as to the trays used while Plaintiff was receiving the 2006 and 2008 menus made the subject of his complaint and ordered that, at a minimum, the Defendants may provide photos of the trays used and a listing of dimensions as opposed to providing actual trays.  *Id.*

On March 4, 2010, supplemental responses to Discovery Request No. 10 were mailed to Plaintiff along with photographs and dimensions of the trays.  Dkt. 296, Exh. 1, Attach. A.

Plaintiff argues that the 1) the photographs are not a fair and accurate representation of the trays, 2) the photographs have dimensions in inches printed all over them with a standard measuring tape, measuring only the depth of the trays, 3) there are no photographs of the extra small hot and cold tray lids, 4) there are no photographs of the SCCC regular sized hot and cold trays. Dkt. No. 295, at 4 - 5.

The court finds that production of the photographs with dimensions complies with the court's Order (Dkt. 276).  The length, width, height, depth and volume of each tray are indicated.  Dkt. 296, Exh. 1, Attach. A.  Defendants were ordered to provide photos of the trays used and a listing of dimensions of the trays.  They were not ordered to provide any information as to the lids of the trays, nor does the court finds that the production of such information is relevant to

ORDER - 2

Plaintiff's claims of nutritional inadequacy of the menus. Defendants have also verified that the Aladdin tray produced was the tray used in the IMU for the mainline diet in 2006 and prior, that the hot and cold trays produced are the hot and cold trays used in the IMU for the mainline diet in 2008, and are the trays currently being used at most DOC facilities. Dkt. 296, Exh. 2.

Plaintiff's motion to compel as to Discovery Request No. 10 is denied.

**Discovery Request No. 15:**

Defendants were ordered to provide an answer to the second half of interrogatory number 9, which asks on what objective verifiable scientifically valid principles is this "nutritional approval based on, as to the 2008 kosher, Passover, fast sack, and mainline menus," and to produce responsive documents, if any, related to the response on or before March 5, 2010. Dkt. No. 274.

In Defendant Jackson's second supplemental response to Discovery Request No. 15, Plaintiff was informed that the "objective verifiable scientific principle" used for the nutritional analysis performed on the menus is the Reference Daily Intake (RDI) and is established by the Food and Drug Administration. Plaintiff was also provided with a copy of the Reference Daily Intakes. Dkt. 296, p. 6.

Plaintiff provides no explanation for his objection that the answer and document produced are unresponsive and evasive. Plaintiff's motion to compel as to Discovery Request No. 15 is denied.

**Discovery Request No. 16:**

Defendants were ordered to provide supplemental responses to Interrogatories 19 and 25. Dkt. 271. Defendants provided their supplement responses. Dkt. 296, Exh. 1, Attachs. C and D.

Plaintiff has withdrawn his motion to compel as to Interrogatory No. 19. Dkt. 301, p. 3.

ORDER - 3

As to the supplemental answer provided to interrogatory number 25, Plaintiff claims that the answer provided is unresponsive and evasive and that Defendant Jackson failed to provide documents. Dkt. No. 295, at 8. However, Defendant Jackson was ordered to identify whether there are "objective, verifiable, scientifically valid principles subject to peer review and publication" confirming the daily values and percentages listed on the menus. Dkt. No. 271.

Defendant Jackson explains that he incorrectly states in his supplemental answer that the Dietary Reference Intakes (DRI) (this is the objective, verifiable, scientifically valid principles subject to peer review and publication) confirm the vitamins, minerals, and macronutrients organized by age and gender. He also indicates that the DRIs are developed by the National Academy of Sciences Institute of Medicine's Food and Nutrition Board. Dkt. 296, Exh. 1, Attach. C. In his amended supplemental answer, Defendant Jackson corrects this error and clearly states that the "objective verifiable scientific principle" used for the nutritional analysis performed on the menus is the Reference Daily Intake (RDI) (not the DRIs) and is established by the Food and Drug Administration. Dkt. 296, Exh. 1, Attach. D.

Defendant Jackson was ordered to supplement his response to this interrogatory and the court finds that he has done so. In addition, in the amended supplemental response, Defendant Jackson refers Plaintiff to a document previously produced in discovery as DEFS 13488 – DEFS 13489. Dkt. 296, Exh. 1, Attachs. D & G.

Plaintiff's motion to compel as to Discovery Request No. 16 is denied.

**Discovery Request No. 18:**

The court ordered Defendants to provide supplemental responses to Interrogatories 1, 10, 14, 16, 18, 19, and 21 contained in Discovery Request No. 18. Dkt. 273. Defendants provided

ORDER - 4

supplemental answers.  Dkt. 296, Exh. 1, Attach. E.  Plaintiff complains of the supplemental answers provided only as to Interrogatories 1, 10, 14, 18 and 19.  Dkt. 295.

(1) <u>Interrogatory No. 1</u>:  The court ordered Defendant Bales to review the documents produced in this case and to the extent her answers can be ascertained, to supplement her answers.  Dkt. 273.  In her supplemental answer, Defendant Bales stated:  "it appears from the documents already produced in this case that the last time Defendant Bales updated the mainline menus, ordering guides, and nutrient analyses related to those menus was on or about May 24, 2006.  After a review of the documents produced in this case, Defendant Bales cannot determine when the first time was that she updated the mainline menus, ordering guides, and nutrient analyses related to those menus. As to "fast bag guidelines," Defendant Bales has no idea what Plaintiff is referring to.  As to the Kosher and Passover menus, after a review of the documents produced in this case, Defendant Bales cannot determine when the first and last time was that she updated those menus, ordering guides, and nutrient analyses related to those menus.  Defendant Bales can say for certain that she authored the 2004 Kosher menu with assistance from Brad Simpson and Gary Friedman."  Dkt. 296, Exh. 1, Attach. E.

Plaintiff argues that Defendant Bales' answer is incomplete and evasive.  Dkt. 295, p. 10.

Defendant Bales was ordered to review documents produced in this case and to the extent answers can be ascertained, to supplement her answers.  Defendant Bales did so and signed and verified her answers.  Plaintiff's motion to compel is denied.

(2) <u>Interrogatory No. 10</u>:  In his original motion to compel, Plaintiff provided a clarification of the information he sought with this interrogatory and the court ordered that the parties should further confer to determine whether Defendant Bales is able to supplement her answer based on this clarification.  Dkt. 273.  Plaintiff stated that he wanted to know whether

ORDER - 5

Defendant Bales is aware of any objective, verifiable, scientifically valid principles subject to peer review and publication by experts knowledgeable in human nutrition that prove the daily totals listed on the menus and MNARs are nutritionally adequate and that the serving amounts are nutritionally adequate. Dkt. 225, p. 6.

In her response, Defendant Bales identified the "objective, verifiable, scientifically valid principle" as the Dietary Reference Intakes (DRIs). Defendant Bales further answers that the DRIs are developed by the National Academy of Sciences Institute of Medicine's Food and Nutrition Board. Dkt. 296, p. 10.

Plaintiff argues that the answer is unresponsive and evasive. Dkt. 295, pp. 11-12. He also objects that the document produced in response to this request is not verifiable or "indicative that they are based on objective, verifiable scientifically valid principles." *Id.*, pp. 12-13.

The court ordered the parties to confer and for Defendant Bales to respond to Plaintiff's clarified interrogatory. Defendant Bales response is not unresponsive or evasive. Plaintiff provides no basis to support his argument that the document produced is not verifiable. Plaintiff's motion is denied.

(3) <u>Interrogatory No. 14</u>: Defendant Bales was ordered to supplement her answer to this interrogatory if, after reviewing the documents produced in this action, she was able to recall which dietary guidelines she used as a reference. Dkt. No. 273, at 6. Defendant Bales states that after reviewing the documents produced in this case, she was able to determine that she relied on the Dietary Guidelines for Americans 2000 edition. Dkt. 296, p. 11, Exh. 1, Attach. E. Defendant Bales also informed Plaintiff that there are no responsive documents in her care, control, or custody. *Id.*

ORDER - 6

Plaintiff argues that Defendant Bales answer is unresponsive, evasive, and incomplete and that she failed to produce documents. Dkt. 295, pp. 13-14. Although Plaintiff may be dissatisfied with the answer, there is nothing to indicate that Defendant Bales did not fully and completely comply with the court's Order. Plaintiff's motion to compel is denied.

(4) <u>Interrogatory Nos. 18 and 19</u>: The court ordered Defendant Bales to review the documents produced in this case, and to the extent answers can be ascertained, to supplement her answers to interrogatory numbers 18 and 19. Dkt. No. 273. In her supplemental answers, Defendant Bales informed Plaintiff that she cannot answer interrogatory numbers 18 and 19 as the nutrients in question are not required to be analyzed per regulatory guidelines and therefore, DOC did not analyze them. Dkt. 296, pp. 11-12, Exh. 1, Attach. E.

Defendant Bales states that she has reviewed the documents and that she does not have the knowledge to answer interrogatory numbers 18 and 19. Plaintiff's motion to compel as to Discovery Request No. 18 is denied.

Accordingly, it is **ORDERED**:

1) Plaintiff's motion to compel (Dkt. 295) is **DENIED.**

2) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this <u>9th</u> day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7